■ CHRISSA MAESTROS et al., Respondents, v. HUNTINGTON STATION FOOD SHOP, INC., Doing Business as SFAELOS RESTAURANT, Appellant.— In a personal injury action, defendant appeals from an order of the Supreme Court, Suffolk County, dated October 27, 1971, which denied its motion under CPLR 3216 to dismiss the complaint for plaintiffs' neglect in prosecuting the action. Order reversed in the exercise of discretion, with $10 costs and disbursements and motion granted without prejudice to an application by plaintiffs at Special Term for reconsideration. Issue was joined in this action in July, 1970. A year later, defendant served plaintiffs' attorney with a 45-day notice pursuant to CPLR 3216, and, no note of issue having been filed, it moved to dismiss the complaint. On the adjourned return date, the only papers that plaintiffs submitted in opposition to the motion were their complaint and bill of particulars and a statement that the note of issue had been served the week before. Plaintiffs failed to submit any affidavit of merits or justifiable excuse for their delay in proceeding (see *Keating* v. *Smith*, 20 A D 2d 141). Accordingly, defendant's motion should have been granted. In their brief to this court, plaintiffs for the first time set forth facts to excuse their delay in prosecuting the action and in filing their note of issue. Such facts, not properly presented in the record, may not be considered by an appellate court (*Mulligan* v. *Lackey*, 33 A D 2d 991). Under the circumstances, defendant's motion is granted, but

without prejudice to an application at Special Term by plaintiffs for reconsideration upon the basis of the facts set forth in their brief to this court. Munder, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.