■ ANATOLI LEIS et al., Appellants, v LEONID FINKELSTEIN

et al., Respondents. [613 NYS2d 699] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Held, J.), dated September 24, 1992, which granted the defendants' motion to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

Under the facts and circumstances of this case we perceive no basis upon which a New York court may exercise long-arm jurisdiction over the non-domiciliary defendants (CPLR 302 [a]; *see, McGowan v Smith,* 52 NY2d 268). Moreover, the plaintiffs' claim that the defendants were personally served, is based upon material which is *dehors* the record and may not be considered by this Court *(see, Carhuff v Barnett's Bake Shop,* 54 AD2d 969; *see also, Recovery Consultants v Shih-Hsieh,* 141 AD2d 272, 276). "It is well established that review [by an appellate court] is limited to the record made before [the trial court] and the court is bound by the certified record on appeal. Matters contained in the brief, not properly presented by the record are not to be considered by an appellate court" *(Mulligan v Lackey,* 33 AD2d 991, 992; *see also, Maestros v Huntington Sta. Food Shop,* 39 AD2d 582).

Nor is there any merit to the plaintiffs' contention that the defendants' appearance in the action is tantamount to personal service of the summons since the defendants' answer clearly pleaded the affirmative defense of lack of personal jurisdiction *(see,* CPLR 302 [c]; 3211 [a] [8]; *Beris v Miller,* 128 AD2d 822).

Accordingly, the Supreme Court properly dismissed the complaint based upon the lack of personal jurisdiction over the defendants. O'Brien, J. P., Ritter, Santucci and Krausman, JJ., concur.