■ Sulaiman Haqq, Respondent, v Synergy Gas et al., Appellants, et al., Defendants. [682 NYS2d 76] —In an action to recover damages for personal injuries, the defendants Synergy Gas and Arthur Sullivan appeal from an order of the Supreme Court, Kings County (Barron, J.), dated September 5, 1997, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

A 1996 amendment to CPLR 3212 (a), effective January 1, 1997, requires the making of a motion for summary judgment within 120 days after the filing of the note of issue (*see,* CPLR 3212 [a], as amended by L 1996, ch 492). The appellants' motion for summary judgment was properly denied as untimely, since the note of issue was filed prior to the effective date of the amendment, and the motion was made more than 120 days after the effective date of the amendment (*see, Krug v Jones,* 252 AD2d 572; *Phoenix Garden Rest. v Chu,* 245 AD2d 164; *see also, Wade v Byung Yang Kim,* 250 AD2d 323).

The factual assertions underlying the appellants' claim that "good cause" exists for the delay in moving for summary judgment are dehors the record (*see, Leis v Finkelstein,* 205 AD2d 738). The appellants failed to move in the Supreme Court for leave to make a late motion for summary judgment on good cause shown pursuant to CPLR 3212 (a). Rosenblatt, J. P., O'Brien, Sullivan, Krausman and Florio, JJ., concur.