OPINION OF THE COURT
 

 Smith, J.
 

 In this personal injury action, the issues presented are whether the trial court abused its discretion by entertaining defendants’ cross motion for summary judgment more than 120 days after the filing of the note of issue
 
 (see,
 
 CPLR 3212 [a]) and whether summary judgment was properly granted as a matter of law. We answer that there was no abuse of discretion and that defendants were entitled to summary judgment.
 

 While delivering food in Brooklyn, plaintiff Girino Gonzalez, an employee of third-party defendant Golden Nut, Inc., was struck by a truck owned by defendant 98 Mag Leasing and driven by defendant Kenneth W. Hateau, an employee of defendant Center Island Banana. As a result, plaintiff suffered extensive injuries.
 

 Plaintiff commenced this personal injury action against 98 Mag Leasing, Center Island Banana and Kenneth Hateau, alleging that their negligence in operating and maintaining the truck was the proximate cause of his injuries. After issue was joined, defendants commenced a third-party action for contribution and/or indemnification both against the New York City Transit Authority (NYCTA), alleging that it had negligently parked its buses near the intersection of Tillary and Jay Streets, where the accident occurred, and against Golden Nut for failing to properly supervise and train its employee.
 

 During discovery, plaintiff and defendant Hateau were deposed, as were two witnesses from the accident scene identi
 
 *127
 
 fied in the police report. Plaintiff has no memory of the accident. Hateau testified that he was driving within the speed limit with an unobstructed view of the road. While concentrating on the approaching intersection, he saw a red blur in his passenger side mirror, heard a thump and then applied his brakes. When he got out of his truck, Hateau realized that he had struck plaintiff, who was lying unconscious in the roadway. Michael Nicosia testified on March 1, 1996 that he heard tires screeching and then a loud thump one or two seconds later. Nicosia stated that only when he heard the thump did he look up and see plaintiff lying in the middle lane of the roadway.
 

 On December 13, 1996, plaintiff filed a note of issue. Defendants timely moved to vacate the note of issue “due to outstanding discovery.” Defendants argued that a court order, dated September 6, 1996, directed the NYCTA to produce for deposition both the bus driver, who may have witnessed the accident, and Ruth Moore, an eyewitness identified in the police report. The motion was twice adjourned by the court,
 
 sua sponte,
 
 until May 14, 1997. Although the court declined to strike the note of issue, it granted defendants’ motion to the extent of allowing discovery to continue.
 

 Ruth Moore, deposed on January 8, 1997, testified that she witnessed plaintiff come from around the corner on Tillary Street and “dart toward the street” from between two parked cars. According to Moore, plaintiff did not look either way before he “ran right out into the street” and “hit the truck.”
 

 In August 1997, NYCTA moved for summary judgment dismissing the third-party complaint. Thereafter, on November 18, 1997, defendants cross-moved for summary judgment dismissing plaintiff’s complaint or, in the alternative, an order denying NYCTA’s motion for summary judgment. Defendants relied primarily on Moore’s deposition to support their contention that Hateau operated his vehicle in a reasonably prudent manner and that plaintiffs injuries were caused solely by his conduct.
 

 In opposition, plaintiff argued that there were material issues of fact regarding the circumstances of the accident. Plaintiff submitted the affidavit of an accident reconstruction expert who concluded that, based on the “physical facts and testimony * * * Hateau had sufficient time to bring his vehicle to a stop and/or to swerve to avoid [plaintiff] prior to impact.” Though he was not present at the scene, the expert further stated that “Hateau failed to keep a proper look out
 
 [sic]
 
 and
 
 *128
 
 failed to exercise reasonable and proper control of his motor vehicle.” Finally, plaintiff asserted that defendants’ cross motion for summary judgment was untimely under CPLR 3212 (a) and that defendants failed to seek “leave of court on good cause shown” (CPLR 3212 [a]).
 

 Supreme Court granted both NYCTA’s motion and defendants’ cross motion for summary judgment, relying primarily on Moore’s deposition. The court rejected plaintiff’s contention that it lacked jurisdiction to entertain defendants’ cross motion and reasoned that barring the motion would undermine the purpose and spirit of CPLR 3212 (a), as well as the court’s preference to resolve matters upon the merits. On plaintiff’s appeal, the Appellate Division unanimously affirmed. This Court subsequently granted plaintiff leave to appeal, and we now affirm.
 

 We first consider whether Supreme Court properly addressed the merits of defendants’ cross-motion for summary judgment made more than 120 days after the note of issue was filed. CPLR 3212 (a), amended in 1996, states:
 

 “Any party may move for summary judgment in any action, after issue has been joined; provided however, that the court may set a date after which no such motion may be made * * *. If no such date is set by the court, such motion shall be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown.”
 

 The legislative history underlying this enactment highlights the practices the amendment sought to combat. Specifically, prior to the amendment of CPLR 3212 (a), there was no statutory time limit for a summary judgment motion. So long as issue had been joined, a party could make a motion for summary judgment, even on the eve of trial, thereby disrupting the court’s calendar and leaving an adversary little or no time to reply (Mem of Senate in Support, 1996 McKinney’s Session Laws of NY, at 2432, 2433;
 
 Kule Resources v Reliance Group,
 
 49 NY2d 587, 591). Moreover, the belated motion, sometimes used as a dilatory tactic, was most burdensome for the court and for parties who had already prepared for trial (Mem of Senate in Support,
 
 op. cit.).
 
 Thus, the amendment to CPLR 3212 (a) was a step toward alleviating the practice of “eleventh hour” summary judgment motions.
 

 CPLR 3212 (a) states that a party may not make a summary judgment motion more than 120 days after filing a note of is
 
 *129
 
 sue unless it obtains “leave of court on good cause shown.” A trial court thus has discretion in determining whether to consider a motion for summary judgment made more than 120 days after the filing of a note of issue.
 

 We conclude that in the present case the trial court did not abuse its discretion in concluding that there was good cause to entertain defendants’ motion for summary judgment. At the time plaintiff filed the note of issue and certificate of readiness, an outstanding notice existed to produce both Ruth Moore and the bus driver for depositions. Defendants promptly moved to vacate the note of issue, noting the material outstanding discovery, and the Trial Judge granted the motion to the extent of permitting the discovery. Shortly after the crucial post-note of issue deposition of Moore was held, defendants moved for summary judgment before the same Judge who had earlier permitted further discovery.
 

 Moreover, we reject plaintiff’s contention that the trial court erred in granting defendants’ motion for summary judgment on the merits. When defendant moved for summary judgment and established a prima facie entitlement to a judgment as a matter of law, the burden shifted to plaintiff to produce evidence, in admissible form, demonstrating that material issues of fact existed
 
 (Alvarez v Prospect Hosp.,
 
 68 NY2d 320, 326-327;
 
 Winegrad v New York Univ. Med. Ctr.,
 
 64 NY2d 851, 853). The conclusory assertions proffered by plaintiff’s accident reconstruction expert were insufficient to defeat defendants’ motion for summary judgment
 
 (see, Alvarez v Prospect Hosp., supra,
 
 at 325).
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Bellacosa, Levine, Cipajrick, Wesley and Rosenblatt concur.
 

 Order affirmed, with costs.