■ ROBERT HARRISON et al., Respondents, v CITY OF NEW YORK et al., Defendants, and D.F. MASONS, INC., Appellant. (And a Third-Party Action.) [713 NYS2d 59] —In an action to recover damages for personal injuries, etc., the defendant D.F. Masons, Inc., appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated December 4, 1998, which denied its motion for summary judgment dismissing the first cause of action asserted in the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Robert Harrison was injured when he fell from a ladder provided to him by the appellant, D.F. Masons, Inc. (hereinafter Masons). The ladder had been propped up against steel beams which had been sprayed with a slippery fireproofing substance by the defendant E. Patti & Sons, Inc. (hereinafter Patti). In 1996 Masons and the other defendants moved for summary judgment dismissing those portions of the complaint which were based upon alleged violations of the Labor Law. Masons, however, unlike the other defendants, did not move for summary judgment dismissing the plaintiffs' first cause of action, which alleged common-law negligence. By order dated November 29, 1996, the Supreme Court granted those branches of the defendants' respective motions which were for summary judgment dismissing those portions of the complaint which were based upon alleged violations of the Labor Law, but denied those branches of the motions which were for summary judgment dismissing the first cause of action.

Patti and the defendants City of New York and H.R.H. Construction Corporation cross-appealed from that order. By order dated March 23, 1998, this Court, *inter alia*, found that the cross-appealing defendants "had no duty to warn the injured plaintiff about the slippery condition of the steel beams and thus cannot be held liable in common-law negligence", granted those branches of their motions which were to dismiss the first cause of action, and severed the action as against Masons (*Harrison v City of New York*, 248 AD2d 592, 594). Thereafter, in October 1998, Masons moved for summary judgment dismissing the first cause of action.

Where, as here, the note of issue was filed before January 1,

1997, the effective date of the amendment to CPLR 3212 (a) (L 1996, ch 492, § 1), a motion for summary judgment should, in general, have been made within 120 days after January 1, 1997 (*Bono v Barzallo,* 260 AD2d 592). Masons did not move for summary judgment dismissing the first cause of action until nearly two years after January 1, 1997, and it failed to establish good cause as to why this motion could not have been timely made. Therefore, the Supreme Court properly denied the motion (*see, Haqq v Synergy Gas,* 256 AD2d 442; CPLR 3212 [a]). In any event, Masons has not made a prima facie showing of its entitlement to summary judgment as a matter of law. Bracken, J. P., Ritter, Krausman and Smith, JJ., concur.