■ JENNIFER WILLIAMS, Appellant, v SUE NICOLAOU et al., Respondents. [727 NYS2d 887] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Honorof, J.), dated August 18, 2000, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in entertaining the motion for summary judgment which was filed 123 days after the plaintiff filed a note of issue. CPLR 3212 (a) provides that motions for summary judgment shall be made no later than 120 days after the filing of the note of issue, except with leave of the court on "good cause" shown. The Supreme Court is afforded wide latitude with respect to determining whether good cause exists for permitting late motions, and it may, as here, entertain belated but meritorious motions in the interest of judicial economy where the opposing party fails to demonstrate prejudice (*see, Samuel v A.T.P. Dev. Corp.,* 276 AD2d 685).

We agree with the Supreme Court that the plaintiff failed to come forward with sufficient admissible evidence to rebut the defendants' initial showing that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Thus, summary judgment dismissing the complaint was properly granted to the defendants (see, Licari v Elliott, 57 NY2d 230). O'Brien, J. P., Krausman, Goldstein, Schmidt and Crane, JJ., concur.