■ Evette Diaz, Appellant, v New York City Health & Hospitals Corporation et al., Respondents. [734 NYS2d 882]

—In an action, *inter alia,* to recover damages for sexual abuse, the plaintiff appeals from an order of the Supreme Court, Kings County (Held, J.), dated June 15, 2000, which denied her motion to amend the pleadings to conform to the proof to be adduced at trial, and (2) granted the cross motion of the defendants New York City Health & Hospitals Corporation and Joseph Garone to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed, as a matter of discretion, with costs, the cross motion is denied, the complaint is reinstated insofar as asserted against the defendants New York City Health & Hospitals Corporation and Joseph Garone, and the motion is granted.

Following opening statements in the trial of this action in May 2000, the Supreme Court entertained the cross motion of the New York City Health & Hospitals Corporation and Joseph Garone (hereinafter the defendants) to dismiss the complaint. The motion had been pending since September 1999. Contrary to the defendants' contention that their motion was addressed to the pleadings pursuant to CPLR 3211 (a) (7), the motion was for summary judgment, and therefore it should have been made no later than 120 days after the filing of the note of issue (*see,* CPLR 3212 [a]).

The note of issue was filed in July 1997, and the defendants failed to demonstrate good cause for the more than two-year delay in moving for summary judgment (*see, Martin Iron & Constr. Co. v Grace Indus.,* 285 AD2d 494; *Harrison v City of New York,* 275 AD2d 391; *Gonzalez v 98 Mag Leasing Corp.,* 95 NY2d 124). Although the Supreme Court may entertain a belated but meritorious motion in the interest of judicial economy where the opposing party fails to demonstrate prejudice (*see, Williams v Nicolaou,* 284 AD2d 451; *Goodman v Gudi,* 264 AD2d 758), this is not such a case. Accordingly, the defendants' cross motion should have been denied.

The Supreme Court denied as academic the plaintiff's motion pursuant to CPLR 3025 (c) to amend the pleadings to include a claim against the defendants based on negligence in order to conform the pleadings to the proof to be adduced at trial. Since the complaint is being reinstated, the plaintiff's motion should be granted. Such motions may be made either before or after judgment, and leave should be freely granted absent prejudice or surprise resulting from the delay (*see, Ford v Martino,* 281 AD2d 587). The defendants failed to demonstrate prejudice or surprise due to the delay, as the amendment was based in part on evidence obtained during discovery. O'Brien, J. P., Florio, Schmidt and Smith, JJ., concur.