OPINION OF THE COURT
Daniel Palmieri, J.
This is a motion by the Metropolitan Transportation Authority defendant for summary judgment pursuant to CPLR 3212 dismissing the complaint based on liability and the failure of *618 the plaintiff to have sustained a “serious injury” under Insurance Law § 5102. The motion is granted and the complaint is dismissed.
Plaintiff was a passenger on defendant’s bus on November 16, 1999. She left her seat as the bus approached her stop, was holding onto a pole when the bus “stopped suddenly” and she fell because “the impact was very heavy and I couldn’t keep on holding.” The driver states that his highest rate of speed was 15 to 20 miles per hour, that he applied his brakes to avert contact with an automobile that moved into his lane and then turned right, the bus slowed to 10 to 12 miles per hour and there was no vehicle contact. Defendant alleges that plaintiff has failed to establish any negligence on the part of the driver or a “serious injury” as defined by Insurance Law § 5102 (d) and as such has no cause of action under Insurance Law § 5104 (a).
Plaintiff in opposition relies primarily on CPLR 3212 (a) which requires that a motion for summary judgment “be made no later than [120] days after the filing of the note of issue, except with leave of court on good cause shown.” Here, the note of issue was filed on April 3, 2002, the motion was made approximately three weeks after the 120-day period had expired and the defendant offers as an excuse that the mother of defendant’s attorney was sick and hospitalized through the months of July and August.
Plaintiff has requested that if the court decides to entertain this motion, that plaintiff then be given a period of time to respond to the substance of the motion. By this suggested bifurcated procedure, the court would presumably first decide the timeliness issue and then permit subsequent submissions on the merits. The plaintiff has not offered, nor has the court discovered, any authority for this procedure. While the statute speaks of “leave of court,” motion courts seem to have universally adopted the procedure of deciding the timeliness and substantive issues on a unified basis. In Gonzalez v 98 Mag Leasing Corp. (95 NY2d 124 [2000]), the Court of Appeals, while not addressing the bifurcation issue directly, affirmed the granting of leave to make a late motion which was combined with the ultimate decision and other courts have done the same. (See Luciano v Apple Maintenance & Servs., 289 AD2d 90 [1st Dept 2001]; Chambers v Maury Povich Show, 285 AD2d 440 [2d Dept 2001]; Gentles v New York City Tr. Auth., 275 AD2d 388 [2d Dept 2000]; cf. Zwecker v Clinch, 279 AD2d 572 [2d Dept 2001] [where at a pretrial conference, the court granted leave to make a late motion].)
*619 To adopt the plaintiffs suggestion of bifurcating the decisions would frustrate the very purpose of the statute which was intended to discourage dilatory tactics and avoid disruption of court calendars (Gonzalez v 98 Mag Leasing Corp., supra at 128), and cause further delay by requiring a second submission on the merits. For these reasons, the court finds that the purpose and intent of the statute are served by deciding the issues of timeliness and merit together. This will promote judicial efficiency and avoid prolonged calendar congesting delays.
Where a motion for summary judgment is filed beyond the 120-day period, the court may allow such a motion if good cause is shown. This court is afforded wide latitude with respect to determining whether good cause exists for permitting late motions and may entertain belated but meritorious motions, in the interest of judicial economy where the opposing party fails to demonstrate prejudice. (Williams v Nicolaou, 284 AD2d 451 [2d Dept 2001].) Here the motion does not appear to have been made on the eve of trial, an adequate excuse has been offered for the delay and plaintiff has not suggested any prejudice. Hence the court will entertain this motion on the merits.
On a motion for summary judgment the movant must establish his or her cause of action or defense sufficient to warrant a court directing judgment in its favor as a matter of law. (Junco v Ranzi, 288 AD2d 440 [2d Dept 2001]; Frank Corp. v Federal Ins. Co., 70 NY2d 966 [1988]; Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Rebecchi v Whitmore, 172 AD2d 600 [2d Dept 1991].) “The party opposing the motion, on the other hand, must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact” (Frank Corp. v Federal Ins. Co., supra at 967; GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965 [1985]; Rebecchi v Whitmore, supra at 601). Mere conclusions or unsubstantiated allegations are insufficient to raise a triable issue (see, Frank Corp. v Federal Ins. Co., supra).
Further, to grant summary judgment, it must clearly appear that no material triable issue of fact is presented. The burden on the court deciding this type of motion is not to resolve issues of fact or determine matters of credibility but merely to determine whether such issues exist (see, Barr v County of Albany, 50 NY2d 247 [1980]; Daliendo v Johnson, 147 AD2d 312, 317 [2d Dept 1989]).
As to the issue of liability, the defendant has made a prima facie showing that it was not responsible for plaintiffs fall.
“To establish a prima facie case of negligence against a common carrier for injuries sustained by a passenger when the ve *620 hide comes to a halt, the plaintiff must establish that the stop caused a jerk or lurch that was ‘unusual and violent’ * * * Proof that the stop was unusual or violent must consist of more than a mere characterization of the stop in those terms by the plaintiff.” (Urquhart v New York City Tr. Auth., 85 NY2d 828, 829-830 [1995].) Once there is evidence of a sudden, unusual and violent stop, the carrier must come forward with some credible proof to explain the reason and necessity for such stop. (Harris v Manhattan & Bronx Surface Tr. Operating Auth., 138 AD2d 56 [1st Dept 1988].)
Here the defendant has made a prima facie showing that it was not negligent. It has offered a reasonable explanation for the stop and evidence that it was not sudden, unusual and violent. Plaintiff has failed to meet her burden of showing a triable issue of fact. Her statement standing alone, that the “impact was very heavy,” is insufficient to raise an issue of fact. “[A] common carrier is subject to the same duty of care as any other potential tortfeasor — reasonable care under all of the circumstances of the particular case.” (Bethel v New York City Tr. Auth., 92 NY2d 348, 356 [1998].) There is no evidence to suggest a lack of reasonable care on the part of defendant. There is insufficient proof as to the severity of the stop and even if it was severe, defendant has offered a reasonable explanation of a nonnegligent causation.
In addressing the serious injury issue as defined by Insurance Law § 5102 (d), the court first looks at the plaintiff’s pleadings. Plaintiff alleges in her bills of particulars to have sustained a right wrist fracture, a right wrist strain, aggravation of a lumbar condition, difficulty chewing and/or eating and various items of pain, tenderness, spasm and restriction of motion.
“The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case. * * * Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers.” (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Junco v Ranzi, supra.)
“Serious injury” as defined by section 5102 (d) of the Insurance Law
“means a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent *621 consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person’s usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.”
Defendant argues that plaintiff did not sustain a “serious injury” as defined by any section of the statute and has submitted affirmations of Dr. Paul, an orthopedist, Dr. Kolesnik, a neurologist, and Dr. Rozenberg, a dentist, all of whom examined plaintiff on behalf of the defendant and described their tests and findings. None of these examiners found any injuries or disabilities.
In addition, defendant has submitted two radiology reports of x-rays taken on the day of the incident at North Shore University Hospital which reveal that there is no evidence of a right wrist fracture or dislocation and no evidence of cervical fracture or subluxation. Although these reports were contained in defendant’s reply to plaintiffs opposition and normally would not be considered (see Correa v Salke, 294 AD2d 461 [2d Dept 2002]), the reply was served approximately one month before the motion was submitted, the defendant has explained that the reason for the belated submission was that the reports were just received and their contents are confirmatory of the reports of plaintiffs own doctors, rather than new material. Moreover, plaintiff has neither objected nor requested permission to further respond.
A moving defendant may rely on the unsworn reports of plaintiffs medical providers in support of a summary judgment motion (Torres v Micheletti, 208 AD2d 519 [2d Dept 1994]) and defendant has also submitted three reports of plaintiffs medical providers at Orthopedic Surgeons of L.I. relating to examinations performed shortly after the accident. These reports state that there are no cervical or wrist fractures and that there is a cervical sprain.
In a motion for summary judgment seeking to dismiss, the defendant is required to establish a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). (Gaddy v Eyler, 79 NY2d 955 [1992].) Upon such a showing, it becomes incumbent on the plaintiff to *622 come forward with sufficient evidence in admissible form to demonstrate the existence of a question of fact on the issue. (Gaddy, supra.) The court must then decide whether plaintiff established a prima facie case of sustaining a serious injury. (Licari v Elliott, 57 NY2d 230 [1982].)
Plaintiff has proffered no medical evidence to rebut defendant’s prima facie showing of entitlement to relief on the issue of serious injury. (Grossman v Wright, 268 AD2d 79 [2d Dept 2000].)
Plaintiff has failed to provide the necessary proof of any serious injury. Having addressed plaintiffs claimed injury, it was incumbent upon the plaintiff to come forward with competent objective medical proof of serious injury within the meaning of the no-fault statute to raise an issue of fact. (Grossman v Wright, supra.)
For all of the above reasons, the motion is granted and the complaint is dismissed.