Chance v Gap, Inc. (2004 NY Slip Op 50604(U))

[*1]

Chance v Gap, Inc.

2004 NY Slip Op 50604(U)

Decided on March 31, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 31, 2004

Supreme Court, Kings County
Dorisa Chance, Plaintiff,
against
Gap, Inc., Defendant.
35063/01

Laura Jacobson, J.
Defendant moved for an Order granting Summary Judgment and dismissing the complaint in this action. Defendant also requested leave to file this late motion for summary judgment which was made more than sixty (60) days after the plaintiff filed a note of issue. Plaintiff commenced this action seeking damages for injuries sustained on August 19, 2001 when plaintiff fell at defendant's store at Kings Plaza in Brooklyn.
Plaintiff filed her note of issue on March 20, 2003, and in the affirmation of compliance annexed thereto stated that defendant's deposition was scheduled to be conducted on April 11, 2003 and plaintiff's physical examination was to be conducted at a later date. Defendant then moved to strike the note of issue. Plaintiff's IME was conducted on May 2, 2003. Defendant states that it then withdrew its motion to vacate the note of issue, although the court records reflect that the motion was marked off on July 14, 2003 when the instant motion was made. Plaintiff contends that defendant's motion only deals with liability and therefore this motion could have been made in a reasonable time after defendant's deposition which was held on April 11, 2003. Defendant points out that it received the deposition transcript in May 2003.
Pursuant to CPLR §3212(a) a court has the discretion to entertain a late motion for summary judgment upon a showing of good cause. In Gonzalez v Mag Leasing Corp. 95 NY2d 124 (2000) the Court of Appeals found that the lower court did not abuse its discretion by considering defendant's motion for summary judgment in a situation where discovery was incomplete at the time of the filing of the note of issue. In Gonzalez, supra, as in the instant matter, defendants timely moved to vacate the note of issue. The summary judgment motion was made around the same time as the disposition on the motion to vacate the note of issue. Although the court record reflects that defendant's motion to strike the note of issue was not decided on the merits, it is evident that the note of issue was filed prematurely. Plaintiff has not made any claim that she has [*2]been prejudiced by this motion, and defendant made this motion within a reasonable time after discovery was completed. Therefore, this court finds that defendant has shown good cause and the summary judgment motion will be considered.
In this action, plaintiff alleges that she was looking at bookbags on a wall approximately four to five feet in front of her when a man walked past her and she stepped backward, tripped and fell. Plaintiff stated that her leg came into contact with a table when she stepped backward, causing her to fall.
Defendant contends that it breached no duty to plaintiff because it had no duty to warn of an open and obvious condition. In support of this contention, defendant cites Russell v Archer 219 AD2d 772 (3rd Dept. 1995) which holds that a landowner's duty to warn others of a dangerous condition extends only to conditions that cannot be readily observed. Further, defendant asserts that the presence of the table did not create a dangerous condition.
In opposition, plaintiff asserts that defendant had a duty to maintain the property in a reasonably safe condition. Further, plaintiff cites Cupo v Karfunkel 1 AD3d 48 (2nd Dept. 2003) in which the court held that "proof that a dangerous condition is open and obvious does not preclude a finding of liability against a landowner for the failure to maintain the property in a safe condition but is relevant to the issue of plaintiff's comparative negligence." In her opposition papers, plaintiff also points out that neither plaintiff nor defendant conclusively identified the tables identified in the photographs as the tables involved in plaintiff's accident.
Defendant has made a prima facie showing that it did not breach a duty to plaintiff and is entitled to summary judgment. The burden now shifts to plaintiff to produce evidence of material issues of fact, Alvarez v Prospect Hospital 68 NY2d 320 (1986). There is nothing in plaintiff's papers to indicate how the table created an unsafe or dangerous condition. There are no facts presented as to the width of the aisle, the placement of the table or the placement of the merchandise on the wall or any other factors that would contribute to the creation of an unsafe or dangerous condition. The table, that plaintiff alleges was the cause of her fall, was readily observable and was not an inherently dangerous condition, (see Lecht v 28 Scarsdale Corp., 770 NYS2d 643 (2nd Dept. 2004), Brown v Basics USA, Inc., 771 NYS2d 525 (2nd Dept. 2004).
Plaintiff has not offered sufficient evidence to defeat defendant's motion for summary judgment. Accordingly the motion is granted and the complaint is dismissed.
This constitutes the decision and order of this court.
Dated: March 31, 2004_________________
Laura Jacobson, JSC