Order, Surrogate’s Court, New York County (Nora S. Anderson, S.), entered March 29, 2012, which granted executor-respondent’s motion for partial summary judgment dismissing the objections, unanimously affirmed, without costs.
Objectants failed to raise a triable issue as to capacity, where they offered only the general comment by one of them that decedent, for the period of about a year was “at times confused,” and executor offered the testimony of three disinterested witnesses—decedent’s doctor, lawyer, and accountant—who all met with her at or just before the making of the gift, and found her fully aware and alert (see Feiden v Feiden, 151 AD2d 889 [3d Dept 1989]). Nor was the Surrogate bound by our prior decision on the objections of a different objectant in 2000, as that determination was made before much of the relevant discovery. Objectants failed to show that executor had a confidential relationship with decedent. Thus, they bore the burden of showing undue influence. Because they failed to show anything more than routine dealings of children assisting an ailing parent, summary judgment was proper dismissing this claim (Feiden, 151 AD2d at 891 [mere family relationship or sickness of decedent not sufficient, per se, to demonstrate undue influence]).
Finally, given the litigation over the note of issue, the years of post notice discovery, the introduction of wholly new objections after that discovery, and the transfer of the action to New York County, the Surrogate did not abuse her discretion in finding that executor had good cause for moving for partial summary judgment after the expiration of the 120 days (see Gonzalez v 98 Mag Leasing Corp., 95 NY2d 124, 128-129 [2000]).
Concur— Gonzalez, J.E, Mazzarelli, Moskowitz, Renwick and ManzanetDaniels, JJ.