Hernandez-Ortiz v 2 Gold, LLC (2019 NY Slip Op 01669)





Hernandez-Ortiz v 2 Gold, LLC


2019 NY Slip Op 01669


Decided on March 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2019

Friedman, J.P., Sweeny, Richter, Oing, Moulton, JJ.


8650 158155/12

[*1]Jose Hernandez-Ortiz, et al., Plaintiffs-Appellants,
v
2 Gold, LLC, et al., Defendants-Respondents, Gold/Pearl Parking Corp., et al., Defendants.


Imbesi Law P.C., New York (Brittany Weiner of counsel), for appellants.
Martin Clearwater & Bell LLP, New York (Barbara D. Goldberg of counsel), for respondents.



Order, Supreme Court, New York County (Ellen M. Coin, J.), entered September 27, 2017, which, in this action for property damage sustained by plaintiffs tenants during Hurricane Sandy, insofar as appealed from, granted the motion of defendants 2 Gold, 201 Pearl, LLC and TF Cornerstone, Inc. (collectively defendants) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
The motion court exercised its discretion in a provident manner in excusing defendants' two-day delay in filing its summary judgment motion as they showed good cause for the delay based, inter alia, on the difficulties in obtaining an executed copy of their expert's affidavit, and plaintiffs were not prejudiced by the minor delay (see generally Brill v City of New York, 2 NY3d 648 [2004]). Nor did the court improvidently exercise its discretion in excusing defendants for filing a motion that violated the page limitations set forth in the court's individual rules.
Defendants established entitlement to judgment as a matter of law. They submitted evidence showing that plaintiffs' damages, if any, were caused by an act of God. Further, that a storm of the magnitude of Superstorm Sandy would strike lower Manhattan, and that compliance with the Department of Buildings' mandated provisions for flood protection would be inadequate, were not forseeable.
In opposition, plaintiffs failed to raise a triable issue of fact. Plaintiffs assert that they presented sufficient evidence to raise triable issues including whether the buildings were adequately flood proofed and prepared for the storm; whether there was a deviation from the design drawings during construction that caused water to accumulate against the floodgate; whether it was unreasonable for defendants not to have an emergency plan; whether defendants should have trained their superintendent in flood preparation and not have permitted him to leave the buildings the weekend before the storm; and whether it was unreasonable for defendants not to call the emergency services offered by their insurer. Plaintiffs, however, failed to provide evidence sufficient to support these theories since their experts' opinions were conclusory and unsupported by objective data or citations to the Building Code or industry standards (see v Buchholz v Trump 767 Fifth Ave., LLC, 5 NY3d 1, 8-9 [2005]; Gonzalez v 98 Mag Leasing Corp., 95 NY2d 124, 129 [2000]; Etheridge v Marion A. Daniels & Sons, Inc., 96 AD3d 436, 437 [1st Dept 2012]). Moreover, the opinion of one of plaintiffs' experts was based on observations long after the storm and subsequent to the installation of new floodgates.
Contrary to plaintiffs' contention, the court did not improperly determine the credibility [*2]of the parties' experts and rely too heavily on defendants' expert. Rather, the court evaluated whether plaintiffs' experts' affidavits were sufficient to raise a triable issue of fact, and found them wanting.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 7, 2019
CLERK