Dabrowski v Abax Inc. (2023 NY Slip Op 02762)

Dabrowski v Abax Inc.

2023 NY Slip Op 02762

Decided on May 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 23, 2023

Before: Webber, J.P., Kern, Oing, Scarpulla, Rodriguez, JJ. 

Index No. 106778/07 Appeal No. 305 Case No. 2022-03554 

[*1]Jerzy Dabrowski et al., Plaintiffs-Respondents,
v
Abax Incorporated etc., et al., Defendants-Appellants.

Milman Labuda Law Group PLLC, Lake Success (Netanel Newberger of counsel), and Bernard Kobroff, Scarsdale, for appellants.
Virginia & Ambinder, LLP, New York (Lloyd Ambinder of counsel), for respondents.

Order, Supreme Court, New York (Francis A. Kahn III, J.), entered July 15, 2022, which denied defendants' motions for an extension of time to file dispositive pretrial motions and for an extension of the time to complete discovery and to compel the deposition of a specified class member, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying defendants' motion for an extension of their time to move for summary judgment, as they failed to demonstrate good cause for a late summary judgment motion (see Brill v City of New York, 2 NY3d 648, 652 [2004]; Filannino v Triborough Bridge & Tunnel Auth., 34 AD3d 280, 282 [1st Dept 2006], appeal dismissed 9 NY3d 862 [2007]). Defendants did not show how any of the outstanding discovery was essential to their proposed summary judgment motion, or even what the basis for their motion would be were they permitted to take additional depositions (see id.; Fuczynski v 144 Div., LLC, 208 AD3d 1153, 1155 [2d Dept 2022]; cf. Gonzalez v 98 Mag Leasing Corp., 95 NY2d 124, 129 [2000] [good cause shown where the defendant moved for summary judgment shortly after receiving deposition transcript of "crucial" eyewitness]). To the extent defendants plan to move to decertify the class in accordance with CPLR 902, we express no opinion on whether such a motion would be timely.
For the same reason, Supreme Court providently exercised its discretion in denying defendants' motion for an extension of time to complete discovery and to compel the deposition of another class member (CPLR 2004; see Alveranga-Duran v New Whitehall Apts. L.L.C., 40 AD3d 287, 289 [1st Dept 2007]). Defendants already had been given ample time to conduct the necessary discovery, and did not explain why the additional deposition would be relevant (see Tavarez v Ronad Holding Corp., 202 AD3d 423, 424 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 23, 2023