Maurizaca v 201 Water St., LLC (2024 NY Slip Op 00275)

Maurizaca v 201 Water St., LLC

2024 NY Slip Op 00275

Decided on January 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2024

Before: Oing, J.P., Gesmer, Scarpulla, Rodriguez, Michael, JJ. 

Index No. 159770/15, 595628/17, 595162/18 Appeal No. 1492 Case No. 2023-02178 

[*1]Juan M. Maurizaca, Plaintiff,
v
201 Water Street, LLC et al., Defendants.
201 Water Street, LLC, et al., Third-Party Plaintiffs-Respondents,
v
Apex Restoration Corp., Third-Party Defendant-Appellant. (And a Second Third-Party Action.)

Maroney O'Connor, LLP, New York (James P. O'Connor of counsel), for appellant.
Litchfield Cavo LLP, New York (Beth Saydak of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered September 30, 2022, which denied third-party defendant Apex Restoration Corp.'s (Apex) motion for summary judgment, unanimously affirmed, with costs.
The motion court providently determined that Apex failed to show good cause for its delay in filing its motion for summary judgment dismissing the third-party plaintiffs' claims for common-law indemnity and contribution under Workers' Compensation Law § 11 (see Brill v City of New York, 2 NY3d 648, 652 [2004]). While Apex claims that it could not have filed its motion until it obtained an IME report from third-party plaintiffs, Apex also admits that it did not need the report to meet its prima facie burden under Workers' Compensation Law § 11 (see Dabrowski v Abax Inc., 216 AD3d 546 [1st Dept 2023]; cf. Gonzalez v 98 Mag Leasing Corp., 95 NY2d 124, 129 [2000]). Indeed, as noted by the motion court, Apex did not even rely on the vocational rehabilitation report, which was exchanged a few months before it filed its motion. In any event, even if this report were essential to its motion, Apex fails to explain why it waited more than three months after obtaining it to move for summary judgment (see e.g. Perini Corp. v City of New York (Department of Envtl. Protection, 16 AD3d 37, 40 [1st Dept 2005]). Apex's arguments on the merits are irrelevant to determining good cause (see Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d 726, 726 [2004]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2024