■ ELLIOT SUTTON et al., Appellants, v DANIEL LAVEZZO, Respondent.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered on or about October 17, 1988, which denied plaintiffs' motion to vacate a prior order of said court, entered March 3, 1988, which granted defendant's motion to dismiss on default, unanimously affirmed, without costs.

This is an action for damages arising out of claims for breach of contract, fraud, promissory estoppel, intentional interference with contract and prima facie tort. Suit was commenced on or about June 17, 1987 by service of a summons with notice. Subsequently, defendant moved to dismiss pursuant to CPLR 3012 (b) based on the plaintiffs' failure to serve a complaint. Plaintiffs' counsel failed to appear at the call of the calendar allegedly due to his ignorance of the court rules. Defendant's motion was granted on default. Shortly thereafter, plaintiffs moved to vacate the default, reargue the dismissal and ultimately, to deny the motion.

Due to plaintiffs' counsel's failure to include a copy of the

underlying order, plaintiffs' motion was denied with leave to renew. After correcting this error, plaintiffs served another motion to vacate but the papers failed to include a statement as to the merits by a party with personal knowledge of the facts, a reasonable excuse for the default or an affidavit of service showing that the complaint was timely served. The motion was denied and plaintiffs appeal.

Plaintiffs' contend that the Supreme Court erred in denying their motion because it failed to note the presence of an attached affidavit of service of the complaint. This argument is disingenuous. In its decision, the court specifically noted the presence of the affidavit but found that it had not been signed by the alleged process server.

Plaintiffs further claim that the court was "hypertechnical" in finding counsel's ignorance of IAS procedure an insufficient excuse for his default on the motion to dismiss is similarly without merit. Under these circumstances, counsel's ignorance cannot be deemed a viable excuse.

Plaintiffs also urge that a statement of the merits by the proper party was submitted in a related case (which they were attempting to consolidate with the instant proceeding) and judicial notice should have been taken of this statement. In moving to vacate a default, the burden is on the movant, and not the court, to produce admissible evidence showing merit to the underlying claim. These documents were available to plaintiffs as well as to the court.

We have considered plaintiffs' remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Ross, Rosenberger, Kassal and Wallach, JJ.