OPINION OF THE COURT
Ariel E. Belen, J.
Plaintiff is an owner resident of a cooperative apartment and defendant Elazarov the tenant in the apartment above plaintiff. The plaintiff had complained to the management of the cooper *647 ative both by informing the building superintendent and by letter to the management of the unremitting, obnoxious and harassing noise emanating from the Elazarov apartment each evening from 6:00 p.m. onwards. The management failed to respond to plaintiff’s complaints.
On October 21, 1995 the plaintiff and defendant had a physical altercation in the elevator and lobby of the building, which plaintiff alleges arose due to the building defendants’ failure to act to alleviate the plaintiffs noise complaints.
Defendants Jonathan Weiner, Weiner Realty, 200 Corbin Owners Corp. and Columbia Realty Management, Ltd. moved to dismiss plaintiffs complaint as against these defendants since there had been no prior instances of violence between these parties which would have made it reasonably foreseeable that defendant Elazarov posed any threat to the plaintiff.
Plaintiff alleges that the letter written by plaintiff to the building management company provides notice of the defendant Elazarov’s violation of building rules and this notice suffices to raise a triable issue of fact as to these defendants’ liability for the altercation that ensued. Plaintiff further alleges that the defendant’s motion should not be considered because it was filed in August 2001 — 16 months after the note of issue had been filed on March 30, 2000. This violates the 120-day deadline mandated by the Legislature in CPLR 3212 (a) by a full year and also violates rule 13 of the Kings County Supreme Court Uniform Civil Term Rules, Second Judicial District (reprinted monthly in Judges’ Part Rules, NYLJ), which provides that summary judgment motions must be made within 60 days after a note of issue has been filed.
Defendant points out, however, that plaintiff filed a second note of issue on June 28, 2001 and the instant motion was filed within 60 days of that date. The newer note of issue was filed because plaintiff had not requested a jury trial in his first filing and then requested and received permission from the Supreme Court to make a jury demand nunc pro tunc.
Defendant has not tendered any excuse for submitting this summary judgment motion more than 15 months after the filing of the note of issue, but requests that the' court consider the motion as timely based upon the fact that the note of issue was refiled.
The order of Justice Victor Barron permitting that the note of issue be amended and refiled clearly states that the refiling be done as nunc pro tunc. Treating the new filing “now for *648 then,” the new filing merely amended the prior note of issue and had the same effect as if originally filed. The March 2000 filing of the note of issue thus cannot be considered to be vacated and the status of the case as trial ready was not altered by Justice Barron’s ruling. As such, it cannot be said that the refiling of the note of issue herein extended the time in which a summary judgment motion must be filed.
In this regard, it must be noted that the altercation that gave rise to this lawsuit occurred in 1995 and the action was filed in 1996. This case is now approaching its sixth year in the court system and it has been scheduled for trial. It would be a total abuse of this court’s discretion to exercise it in such a way as to ignore the gross violations of CPLR 3212 (a) and the local court rule and reach the merits of this extremely late motion for summary judgment.
There being no compelling reason for considering this motion at this late juncture, defendant’s motion for summary judgment is denied.