■ MARY LOU STIMSON, Respondent, v E.M. CAHILL COMPANY, INC., et al., Appellants. [778 NYS2d 585]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered January 21, 2004. The order denied defendants' motion for leave to serve a summary judgment motion after the time required by the stipulated scheduling order.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is granted.

Memorandum: Supreme Court erred in denying defendants' motion seeking leave to serve a summary judgment motion after the time required by the stipulated scheduling order. In support of the motion, defendants submitted affidavits of their attorney and her secretary, explaining that they each had family emergencies that occurred on the last day to serve the motion, requiring each of them to be out of the office. The motion had already been prepared, but service of the motion had not yet been arranged. The motion was served two days later, when both defendants' attorney and her secretary had returned to the office. Plaintiff did not oppose defendants' motion, and thus did not allege that she was prejudiced by the two-day delay (*see generally Riddick v City of New York,* 4 AD3d 242, 245 [2004]). "What constitutes 'good cause' for failure to file a summary judgment motion . . . refers less to the merits of the motion than to the reason for the untimeliness," and we conclude that defendants' attorney provided "an adequate explanation . . . for the de minimis delay" (*Luciano v Apple Maintenance & Servs.,* 289 AD2d 90, 90-91 [2001]; *see also Burnell v Huneau,* 1 AD3d 758, 760 [2003]). Present—Green, J.P., Pine, Scudder, Martoche and Hayes, JJ.