■ DAVID L. COOPER, M.D., Respondent, v CHARLES J. HODGE, JR., M.D., Appellant, et al., Defendant. [787 NYS2d 551]—

Appeal from an order of the Supreme Court, Onondaga County (Thomas J. Murphy, J.), entered December 26, 2003. The order denied the motion of defendant Charles J. Hodge, Jr., M.D. for an order granting him leave to submit a motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is granted.

Memorandum: Plaintiff commenced this action seeking damages for defamation, tortious interference with contract and intentional infliction of emotional distress. He alleged that Charles J. Hodge, Jr., M.D. (defendant) made false and disparaging comments in questionnaires sent to him concerning plaintiff's performance while plaintiff was a neurosurgery resident in the Department of Neurosurgery at the State University of New York Upstate Medical University. Although a note of issue was filed in April 2002, discovery was not yet completed and, therefore, defendant's attorney sought extensions of the time limit in CPLR 3212 (a) within which to submit a summary judgment motion.

Following completion of discovery, defendant filed a summary judgment motion, which was rejected by Supreme Court as untimely. Defendant then moved for an order granting him leave to submit a motion for summary judgment, alleging that the court had orally granted an extension of time to file a summary judgment motion until after discovery had been completed. The court denied that motion without explanation. We conclude that the court abused its discretion in denying the motion. Regardless of whether the court had in fact granted an extension, plaintiff's former attorney confirmed to defendant's attorney that both understood the court to have granted an extension. Plaintiff's former attorney asked defendant's attorney to defer submitting a proposed order to the court until after depositions had been conducted. Thereafter, plaintiff changed counsel, and discovery disputes continued at least into June 2003. Under the circumstances of this case, we conclude that defendant provided a "satisfactory explanation for the untimeliness" of the proposed summary judgment motion and therefore established good cause for the delay in making the motion (*Brill v City of New York*, 2 NY3d 648, 652 [2004]; *see* CPLR 3212 [a]; *Gonzalez v 98 Mag Leasing Corp.*, 95 NY2d 124, 128-129 [2000]; *cf. Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725 [2004]).

We therefore reverse the order and grant defendant's motion for an order granting defendant leave to file a summary judgment motion. Present—Pigott, Jr., P.J., Pine, Kehoe, Gorski and Martoche, JJ.