OPINION OF THE COURT
Dianne T. Renwick, J.
*718 Plaintiff Elisabeth Slane commenced this action seeking to recover money damages for personal injuries sustained due to the alleged medical malpractice of numerous doctors and several hospitals. Initially, defendants did not move for summary judgment when plaintiff filed her note of issue in 2001. It was when the case was stricken from the calendar and then restored by court order upon the filing of a second note of issue that defendants moved for summary judgment dismissing the action. The dispositive issue on these apparently meritorious motions is whether defendants gained a second opportunity to move for summary judgment under the circumstances of this case.
Factual and Procedural Background
On April 28, 1999, plaintiff Elisabeth Slane commenced this action seeking to recover money damages for personal injuries sustained due to the alleged medical malpractice of defendant doctors Jean Kalache, M.D., David E. Lent, M.D., and Christopher Mercer, M.D., and defendant hospitals St. Joseph’s Medical Center and Westchester Emergency Medical Services, PC. The alleged medical malpractice stems from the treatment of plaintiffs dislocated/fractured right shoulder. The depositions of plaintiff and defendant doctors took place from December 31, 1999 to December 9, 2000. On or about June 11, 2001, plaintiff served and filed the note of issue and certificate of readiness, attesting that the case was ready for trial. Thereafter, no summary judgment motion was filed by any of the defendants.
About a year and a half later, the case was stricken from the trial calendar when plaintiff was not ready to proceed to trial at the pretrial conference. The pretrial conference is the trial part designed to get the parties and the judge together on the eve of trial for a variety of reasons, notably to evaluate the case and discuss possible settlement. (See Uniform Rules for Trial Cts [22 NYCRR] § 202.26.) At the pretrial conference, plaintiffs illness, unrelated to this case, prevented her from proceeding to trial. About a year and a half after the case was stricken from the trial calendar, the court granted plaintiffs motion seeking a court order restoring the action to the trial calendar. The order of restoration, dated May 4, 2004, was contingent upon plaintiff filing a new note of issue, which plaintiff did on May 20, 2004.
On September 21, 2004, about a month before the parties were scheduled to reappear at the pretrial conference, defendant Dr. Lent submitted to the justice presiding over the part an order to show cause, seeking to submit a summary judgment *719 motion for a dismissal of the claims asserted against him, pursuant to CPLR 3212 (a). The order to show cause, which was signed on September 24, 2004, placed the summary judgment motion for October 26, 2004, the date that the pretrial conference was scheduled to take place. Defendant Dr. Lent served plaintiff the motion papers by dropping them in the mail on September 28, 2004. Prior to the submission date, the remaining defendants also cross-moved for summary judgment dismissing the action. Besides opposing the motion and cross motions on the merits, plaintiff argues that the motion and cross motions are untimely pursuant to CPLR 3212 (a), since none of the defendants moved for summary judgment within the 120-day period after plaintiff filed her note of issue in 2001. Only one defendant offers a reply to the untimeliness argument. Defendant Dr. Lent argues that the motion is timely because it was filed within 120 days from the filing of the second note of issue on May 20, 2004.
Discussion
Before reaching the issue of whether any of the summary judgment motions were timely made, this court must first determine when the CPLR 3212 (a) 120-day period within which to make a motion started to run in this case, i.e., when the first note of issue was filed in 2001, or when the second note of issue was filed in 2004, pursuant to the restoration order. While this court has found no case law that has addressed the exact issue herein, the court finds that the service and filing of the second note of issue in the case, pursuant to a restoration order, constitutes a new note of issue, restarting the 120-day period within which to move for summary judgment.
In fact, the only scenario where the filing of a second note of issue has been found not to constitute a new note of issue is where a plaintiff is permitted to file a new note of issue nunc pro tunc to enable him or her to correct a certain aspect of the original note of issue. For instance, in Weitzner v Elazarov (189 Misc 2d 646 [Sup Ct, Kings County 2001]), a personal injury action, the defendant filed a motion for summary judgment 16 months after the plaintiff had filed the original note of issue. The defendant argued that the plaintiffs filing of an amended note of issue to make a jury demand started anew the statutory period to move for summary judgment pursuant to CPLR 3212 (a). The motion court disagreed. The court noted that the order permitting the note of issue to be amended and refiled clearly *720 stated that the refiling be done nunc pro tunc. As such, treating the new filing “now for then,” the new filing merely amended the prior note of issue and had the same effect as if originally filed. (Weitzner at 647-648.) Under the circumstances, the motion court reasoned, the original note of issue cannot be considered vacated and the status of the case “as trial ready” was not altered by the ruling permitting that the note of issue be amended and refiled to request a jury demand. (Id. at 648.) Thus, it cannot be said that the refiling of the note of issue extended the time in which a summary judgment motion must be filed, the motion court concluded. (Id.)
In this case, however, the opposite is true; the striking of the case from the trial calendar nullified the note of issue and altered the case from the status of trial ready. When a case is marked “off calendar” it cannot be restored until a notice of motion requesting restoration is submitted. A decision resulting from such application requires that the movant file a new note of issue and the case be placed on the general trial calendar in its regular place as of the date of filing the new notice of trial, unless the court in its discretion orders otherwise. (Uniform Rules for Trial Cts [22 NYCRR] § 208.14 [d].) During the period when the case is “off calendar,” there being no extant statement of readiness, the discovery process may continue, like in this case, where further discovery took place in the form of a second physical examination of plaintiff. Under the circumstances, the filing of a second note of issue pursuant to a restoration order constitutes a new note of issue that restarts the 120-day period within which to move for summary judgment.
Nevertheless, this court’s holding — that the filing of a second note of issue pursuant to a restoration order constitutes a new note of issue that restarts CPLR 3212 (a)’s 120-day period within which to move for summary judgment — constitutes a pyrrhic victory for defendants. While striking the case from the trial calendar gave defendants a second bite of the apple, all defendants failed to move for summary judgment within the prescribed 120-day period after the second note of issue was filed, pursuant to the restoration order. Measuring it from May 20, 2004, the date plaintiff filed the second note of issue, defendants had until September 17, 2004 to move. None of the defendants met this deadline.
For instance, the defendant who moved first and the earliest for summary judgment in this case was defendant Dr. Lent. The defendant’s motion was brought on by an order to show cause *721 instead of the ordinary notice of motion. However, whether done by order to show cause or motion on notice, the motion is deemed made when the motion papers are served. (See CPLR 2103 [b].) Thus, contrary to defendant’s allegations, the motion was deemed made when the order to show cause was served and not when it was first presented to the court for signing. (Id.; see also Property Clerk v Chevers, NYLJ, Mar. 26, 1991, at 22, col 3; Siegel, NY Prac § 243, at 390 [3d ed 2003].) In this case, defendant Dr. Lent served the motion papers by mail, which is deemed complete upon mailing. (See CPLR 2211.) Since the mailing took place on September 28, 2004, the motion for summary judgment was untimely, as having been made 11 days beyond the 120-day statutory period that ended on September 17, 2004.
Clearly, the parties are untimely regarding the filing of their motions herein, pursuant to CPLR 3212 (a). The court must therefore look to the next question of whether there is “good cause” for the late filing of these motions. As CPLR 3212 (a) indicates, after the 120-day period has expired, a summary judgment motion may only be filed with leave of the court, if the movant demonstrates “good cause.” In Brill v City of New York (2 NY3d 648 [2004]), the Court of Appeals held that, absent “good cause,” courts do not have discretion to decide an untimely motion for summary judgment. Moreover, the Court of Appeals addressed what constitutes “good cause” and held that the movant must offer an excuse for the delay or untimeliness of the motion, regardless of the merits of the motion and the lack of prejudice to the other parties. (See also, Thompson v New York City Bd. of Educ., 10 AD3d 650 [2d Dept 2004].) In narrowing a court’s discretion to entertain a belated dispositive motion, by giving a very narrow meaning to the term “good cause,” the Court of Appeals expressed its abhorrence of the sloppy practice of ignoring court-ordered legislative mandates. (Brill v City of New York, supra at 652-653.)
Here, none of the movants has demonstrated good cause for the belated service of the motions beyond the 120-day period after the filing of the note of issue pursuant to the restoration order. None of the defendants offers any excuse for the failure to timely move for summary judgment. This is not surprising since the record is clear that all pertinent discovery was completed before plaintiff filed the original note of issue in 2001. Nevertheless, defendant Dr. Lent argues that this court should entertain his motion for summary judgment in light of the fact *722 that the motion is “meritorious” and plaintiff has not been prejudiced by the delay. In Brill, however, the Court of Appeals held that in the absence of a “good cause” showing for the delay, the courts have no discretion to entertain even a meritorious, nonprejudicial motion for summary judgment. (Cf. Gibbs v McRide Cab Co., 10 AD3d 671 [2d Dept 2004] [Court improvidently exercised its discretion in addressing motion for summary judgment filed six months late since the absence of prejudice to the plaintiff did not constitute good cause for the delay].)
Conclusion
In short, this court agrees with defendant Dr. Lent that the filing of a second note of issue pursuant to a restoration order constituted a new note of issue that restarted the 120-day period within which to move for summary judgment. The court, however, finds that defendants failed to timely move for summary judgment within the 120-day statutory period pursuant to CPLR 3212 (a). While this court is cognizant of the fact that each defendant’s dispositive motion for summary judgment may be meritorious, the court lacks the discretion to entertain any of the untimely motions inasmuch as none of the defendants has complied with the requirements of CPLR 3212 (a) of proffering a “good cause” showing for the delay in making the motion. Unfortunately, defendants have nobody but themselves to blame for their predicament of having to wait until after plaintiff presents her case at trial to move to have their case dismissed. “The present scenario” is “another example of sloppy practice threatening the integrity of our judicial system.” (Brill v City of New York, 2 NY3d 648, 653 [2004].) Accordingly, pursuant to CPLR 3212 (a), there being no showing of “good cause,” the motions and cross motions seeking summary judgment dismissing the action are denied as untimely made.