■ Jorge Vila, Respondent, v Cablevision of NYC et al., Appellants. [813 NYS2d 401]—

Order, Supreme Court, Bronx County (George D. Salerno, J.), entered December 16, 2004, which, to the extent appealed from, denied the motions of defendants Cablevision of NYC and Argus Realty for summary judgment, unanimously affirmed, without costs or disbursements. Appeal by defendant Mor Ka unanimously dismissed, without costs, as abandoned.

In this action for personal injuries, plaintiff alleges he fell in front of 1235 Hoe Avenue in the Bronx as a result of an uneven, defective, depressed vault cover/metal plate owned by defendant Cablevision. Joined as defendants are Mor Ka, the owner of the abutting property, and Argus Realty, the general contractor that constructed the sidewalk after the vault was installed.

Supreme Court improperly denied the motions as untimely. While the court apparently interpreted the parties' so-ordered stipulation, which extended the time to file motions for summary judgment to "90 days from completion of outstanding depositions—9/29/03," as imposing December 29, 2003* as the final date for making the motions, this language is ambiguous, and can be reasonably construed as extending the time to file until 90 days from the actual date on which depositions were completed, which turned out to be December 19. Indeed, it is clear from the circumstances that the parties so construed the stipulation. Neither Cablevision nor Argus offered a reason for failing to make the motion by December 29. Nor did plaintiff, in opposition to Cablevision's and Argus's motions, raise the issue of timeliness. In contrast, when Mor Ka moved for summary judgment more than 90 days after the completion of depositions, it requested the court's permission to file a late motion.

---

* The 90th day was December 28, a Sunday.

Even if we were to agree that the motions were untimely, we would conclude that the ambiguity in the stipulation as to when the 90-day period expired constituted the requisite "good cause" for the late filing (*see Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725 [2004]; *Brill v City of New York*, 2 NY3d 648 [2004]).

On the merits, Argus's and Cablevision's motions for summary judgment should be denied. According to plaintiff, there was, at the time of the accident, a height differential of approximately $1\frac{1}{8}$ inches between the sidewalk and the vault cover, and this "uneven, defective, unleveled and depressed vault cover/metal plate" allegedly caused him to fall. While Cablevision asserts that any height differential can be attributed to Argus, which constructed the sidewalk after Cablevision installed the vault, Argus maintains that the condition of the vault at the time of the accident was not its condition when Argus completed the sidewalk. Argus's principal testified that when Argus constructed the sidewalk there were no depressions around the vault, that the "sidewalk is where it was installed. It did not move. The [vault] box moved." This question of fact as to whether Argus or Cablevision created the condition allegedly causing plaintiff's fall precludes the grant of summary judgment. Concur—Mazzarelli, J.P., Andrias, Sullivan, Williams and Malone, JJ.

