■ CRAIG CRAWFORD, Appellant, v LIZ CLAIBORNE, INC., et al., Respondents. [844 NYS2d 273]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered September 20, 2006, which granted defendants' motion for summary judgment dismissing the complaint, reversed, on the law and the facts, without costs, the motion denied, the complaint reinstated, and the matter remanded for further proceedings before a different Justice.

Plaintiff commenced this action to recover damages against defendants, claiming that they discriminated against him on the basis of his sexual orientation. A note of issue was filed by plaintiff on May 15, 2006,[1] and motions for summary judgment,

---

1. "[P]apers that are required to be filed are considered to have been filed when they are *received* by the office with which . . . they are to be filed" (*Coty v County of Clinton*, 42 AD3d 612, 613-614 [2007] [emphasis added], quoting *Castro v Homsun Corp.*, 34 AD3d 616, 617 [2006]). The date-stamped note of issue was marked "received" on May 15 in the Trial Support Office of the New York County Clerk's Office. While a date-stamped copy of the note of issue was not in the record on appeal, we may refer to the contents of the Supreme Court file and take judicial notice that the note of issue was received on May 15 (*see McClelland v Palmer*, 186 AD2d 1079, 1080 [1992] [court took judicial notice that a stipulation discontinuing an action was filed in the Niagara County Clerk's Office]; *Lobotsky v Lobotsky*, 103 AD2d 799 [1984] [court took judicial notice of filing dates of papers in divorce action filed with Westchester County Clerk's Office]; *see also Graffeo v Brenes*, 85 AD2d 656, 657 [1981]; Prince, Richardson on Evidence § 2-209 [Farrell 11th ed]). The dissent apparently means to criticize our taking of judicial notice of the filing date of a paper in the court file by referring to it as a "sua sponte enlargement of the record." Of course, the record is "enlarged" whenever a court takes judicial notice of a fact.

if any, were to be made within 60 days, i.e., by July 14. The directive requiring summary judgment motions to be made within 60 days after the filing of the note of issue was issued in a preliminary conference order, which referenced the local rule of the Supreme Court, New York County.[2] Defendants' motion for summary judgment dismissing the complaint was made when it was served on July 19. Defendants' counsel asserted that the motion was made after the deadline because counsel had erroneously believed that she had 120 rather than 60 days to make the motion. Supreme Court, accepting counsel's excuse, considered the merits of the motion and granted it.

The merits of an untimely motion for summary judgment may be considered by the court only if the movant demonstrates "good cause for the delay in making the motion—a satisfactory explanation for the untimeliness" (*Brill v City of New York*, 2 NY3d 648, 652 [2004]). Notwithstanding the hoary maxim *ignorantia juris non excusat*, defendants claim that their failure to appreciate that the motion was due within 60 days *is* a satisfactory explanation. We disagree.

Defendants' explanation for the delay is no more satisfactory than a perfunctory claim of law office failure, an excuse that is insufficient to constitute good cause under CPLR 3212 (a) (*see Breiding v Giladi*, 15 AD3d 435 [2005]; Connors, *CPLR 3212[a]'s Timing Requirement for Summary Judgment Motions*, 71 Brook L Rev 1529, 1557-1558 [Summer 2006]; *see also Greenfield v Gluck*, 2003 NY Slip Op 50729[U] [App Term, 2d & 11th Jud Dists 2003]; *cf. Leader v Maroney, Ponzini & Spencer*, 276 AD2d 194, 200 [2000], *affd* 97 NY2d 95 [2001] [counsel's

---

**2.** On the date the preliminary conference order was executed by Justice Solomon, April 11, 2005, the local rules of Supreme Court, New York County required a motion for summary judgment to be made within 60 days of the filing of the note of issue (NY County Sup Ct, Civ Branch, Uniform Rules of Justices, http://www.courts.state.ny.us/supctmanh/uniform_rules.htm [eff July 3, 2001] [last updated June 16, 2005; accessed Oct. 18, 2007] [rule 17 "Motions for Summary Judgment . . . Unless specified otherwise in a particular case, pursuant to CPLR 3212 (a) all motions for summary judgment must be made no later than 60 days after the filing of the note of issue"]). Rule 17 was subsequently modified to provide a 120-day period to move for summary judgment *unless the court directed otherwise* (NY County Sup Ct, Civ Branch, Uniform Rules of Justices, http://www.nycourts.gov/supctmanh/UNIFRLrev.2007.507.pdf [effective April 17, 2006] [last updated Feb. 28, 2006; accessed Oct. 18, 2007]). Pursuant to her own part rule, which went into effect at the same time the local rule was modified, Justice Solomon required summary judgment motions to be made within 60 days of the filing of the note of issue (*id.* ["Absent court order, post note of issue dispositive motions shall be (made) within 60 days"]). Accordingly, at all times motions for summary judgment in this case were due within 60 days of the filing of the note of issue.

erroneous belief that original version of CPLR 306-b applied to action did not constitute good cause to extend time for service under amended version of CPLR 306-b]). Notably, the local rules of Supreme Court, New York County and the rules of the individual justices of that county are available, among other places, on line (http://www.nycourts.gov/supctmanh/UNIFRLrev. 2007.507.pdf [last updated Feb. 28, 2006; accessed Oct. 18, 2007]). That the motion was only a few days late does not eliminate the requirement that good cause be demonstrated (see Milano v George, 17 AD3d 644 [2005]), and we are not free, for the sake of judicial economy, to consider an untimely summary judgment motion in the absence of a showing of good cause (see Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d 725 [2004]; Brill, supra; Perini Corp. v City of New York [Department of Envtl. Protection], 16 AD3d 37 [2005]).

The dissent's contention that the "preliminary conference order does not appear to comply with CPLR 3212" and is not enforceable, and that defendants therefore had 120 days (as opposed to 60) following the filing of the note of issue to move for summary judgment, was not raised by defendants. To the contrary, defendants tacitly concede that the 60-day period applies but contend that the directive in the preliminary conference order requiring that all motions for summary judgment be made within that period was ambiguous. This purported ambiguity, the argument goes, constitutes good cause for the belated motion. Since it is undisputed that the parties had 60 days to move for summary judgment following the filing of the note of issue, the dissent's unclear discussion on the issue of the timeliness of defendants' motion for summary judgment is inapposite.[3]

Moreover, the dissent's reliance on Vila v Cablevision of NYC (28 AD3d 248 [2006]) is misplaced. The Court in Vila found that good cause existed because a so-ordered stipulation between the parties was ambiguous and did not clearly set forth the deadline for making summary judgment motions. Here, no ambiguity existed regarding the amount of time the parties had to move for summary judgment following the filing of the note of issue; defendants simply failed to learn the requirement of

---

**3.** The dissent seems to be of the view that the printed preliminary conference order was so vague and the local rule so obscure that defendants had insufficient notice that they were required to make any summary judgment motion within 60 days of the filing of the note of issue. Indeed, the dissent goes so far as to state that "[p]enalizing defendants for violation of a rule of which they had no notice raises due process concerns." This statement ignores the undisputed fact that the preliminary conference order expressly stated that dispositive motions were to be made "on or before per local rule," and thus defendants were obligated to find out what the local rules required.

the expressly referenced local rule. Therefore, ignorance of the applicable rule, not an ambiguity in the preliminary conference order, explains defendants' failure to make a timely motion (*see Sutton v Lavezzo*, 160 AD2d 292, 293 [1990] [counsel's ignorance of rules of IAS part insufficient to excuse his failure to appear at calendar call]). For similar reasons, the dissent's reliance on *Cooper v Hodge* (13 AD3d 1111 [2004] [mutual mistake regarding whether trial court extended time to make summary judgment motions]) and *Stimson v E.M. Cahill Co., Inc.* (8 AD3d 1004 [2004] [family emergencies of lawyer and his secretary requiring both of them to be out of the office on last day on which to serve summary judgment motion]) is misplaced.

At bottom, the principal issue on this appeal is whether good cause existed to allow Supreme Court to consider a summary judgment motion that was untimely. In accord with the precedent that we are required to follow, we conclude that good cause was lacking in this case. In so holding, we certainly do not "take[ ] away the discretionary power of [a] trial court to excuse a de minimis delay in [making a] summary judgment motion"; rather, we find that the de minimis delay in this case was not satisfactorily explained (*Brill*, 2 NY3d at 652 [" 'good cause' in CPLR 3212 (a) requires a showing of good cause for the delay in making the motion—a satisfactory explanation for the untimeliness—rather than simply permitting meritorious, nonprejudicial filings, *however tardy*" (emphasis added)]; *see Milano*, 17 AD3d at 645 [summary judgment motion made one day past deadline needed to be supported by good cause for the delay]). Although we have every confidence that the IAS court would preside fairly and impartially over the matter upon remand, plaintiff raises a reasonable concern about the appearance of impartiality, and we accordingly direct that this matter be reassigned to another Justice. In so doing, contrary to the unfortunate statements by the dissent, we neither "reproach" nor "impugn[ ] the court's impartiality"; nor, of course, does our mere disagreement with the IAS court's decision to consider the merits of the motion play any role in that direction. Finally, contrary to the dissent, our concern about the appearance of impartiality is not founded upon Supreme Court having decided a dispositive motion adversely to plaintiff. Concur—McGuire, Malone and Kavanagh, JJ.

Tom, J.P., and Williams, J., dissent in a memorandum by Tom, J.P., as follows: The preliminary conference order of Justice Jane Solomon provided that any dispositive motions shall be made "per local rule." Due to counsel's confusion as to the applicable deadline, defendants completed service of their sum-

mary judgment motion several days after the deadline provided in her part rules. In deciding the motion, Justice Solomon acknowledged that the preliminary conference order's reference to the "local rule" was unclear and found good cause for the minimal delay. The court decided the motion on the merits and dismissed the complaint.

In reversing, the majority supersedes the motion court's exercise of discretion in finding good cause for excusing a de minimis delay and, inexplicably, refers the matter to another justice. In the absence of any abuse of the considerable discretion afforded to the motion court in dealing with pretrial business and issuing preliminary conference orders, the majority's disposition constitutes undue interference in the internal management of the trial part. Such officious intermeddling intrudes upon the autonomy of the IAS court, interfering with its prerogative to control its calendar and introducing uncertainty and confusion into its proceedings. Under the factual circumstances of this case, the majority has, in essence, taken away the discretionary power of the trial court to excuse a de minimis delay in filing a summary judgment motion.

The majority has demonstrated neither error nor abuse of discretion by the motion court in entertaining defendants' motion for summary judgment. The court's disposition of the motion is unassailable in view of plaintiff's failure to even attempt to establish the merits of his cause of action, and the reassignment of this case to another justice, without any valid explanation, is highly unusual and wholly unwarranted. Accordingly, I dissent and would affirm the order dismissing the complaint.

Plaintiff's note of issue was served on May 12, 2006 and thereafter filed in the Clerk's office. The copy contained in the record does not bear a filing stamp but, at oral argument, defendants' attorney represented to Supreme Court that it was filed the following Tuesday, stating, without contradiction, "On May 16 a note of issue was in fact filed by plaintiff in this case." According to plaintiff's brief,[1] the rules of the IAS part required that "[a]bsent court order, post note of issue dispositive motions shall be made within 60 days thereof." Thus, plaintiff told the motion court that, to be timely under this 60-day rule, "July 17 was the date the motion for summary judgment was due" (General Construction Law § 20).

Defendants' attorney, however, explained that he was of the understanding that service had to be made in compliance with

---

**1.** While citing the "Local Rules of the Justices, p. 10," plaintiff neither includes a copy of the part rules in the record nor identifies the source of the quoted rule.

CPLR 3212 (a), that is, within 120 days of the note of issue. Only when his associate called Justice Solomon's chambers on July 17 to clarify the scheduling of a status conference did she learn that the deadline for serving defendants' summary judgment motion was that very same day. Counsel immediately mailed the notice of motion and hand delivered the supporting papers two days later on July 19, 2006.

Plaintiff brought an order to show cause on July 20, 2006 to strike the motion and supporting papers as untimely. At a conference on July 24, the court denied the order to show cause and directed that the issue of timeliness be raised in response to defendants' summary judgment motion.

Supreme Court disposed of defendants' motion in accordance with its decision on the record at oral argument. By way of explanation of the "local rule" alluded to in the preliminary conference order, Justice Solomon stated, "The local rule was a 60 day rule at some point, and before July the local rule was changed to track the CPLR, I believe because of Brill, but at the same time that chan[g]e was published, so was my expansion or amendment of my part rules to make it the 60 day rule." Thus, the record indicates that, prior to the date defendants submitted their motion, the local rule was amended to provide a 120-day time limit for dispositive motions while the court's part rule was changed to provide a 60-day limit.

Supreme Court rejected plaintiff's arguments as to untimeliness, finding that defendants had "shown good cause" for the delay in serving counsel's affirmation and other supporting papers. It further commended defendants' extraordinary effort in serving, "within 48 hours of my local rule," supporting papers consisting of over 300 pages of affidavits and exhibits. As to plaintiff's opposition, the court admonished him for failing to address the merits in response to the summary judgment motion, as it had directed upon denying his order to show cause predicated on the same narrow procedural ground. The court noted that it had never suggested the issue of scheduling would be entertained without reaching the substance of the motion. The court thereupon dismissed the complaint against all parties on the merits.

On appeal, plaintiff asserts that Supreme Court improperly entertained a late motion for summary judgment (CPLR 3212 [a]). He states, "The Court's Uniform Rules [sic] require that '[a]bsent court order, post note of issue dispositive motions shall be made within 60 days thereof.'" Plaintiff again contends that "any dispositive motion Respondents intended to file was due on or before July 17, 2006." The record includes a copy of

defendants' notice of motion postmarked on that date; however, it is undisputed that supporting papers were served by hand two days later.[2]

A court has discretion to entertain "a motion for summary judgment made more than 120 days after the filing of a note of issue" (*Gonzalez v 98 Mag Leasing Corp.*, 95 NY2d 124, 129 [2000]). "A motion court's exercise of discretion in determining that the moving party has established good cause for the delay will be overturned only if there has been an improvident exercise of discretion" (*Pena v Women's Outreach Network, Inc.*, 35 AD3d 104, 108 [2006]). Good cause for untimeliness "requires a showing of good cause for the delay in making the motion—a satisfactory explanation for the untimeliness—rather than simply permitting meritorious, nonprejudicial filings, however tardy" (*Brill v City of New York*, 2 NY3d 648, 652 [2004]).

Given the evident confusion surrounding whether the allusion to "local rule" in the preliminary conference order referred to the court's part rule, the former 60-day local rule or the 120-day rule that became effective before the motion was submitted in July 2006, the court properly found that defendants had established good cause for late service. The court concluded that the two-day delay in completing service by delivering the supporting affidavits and exhibits was de minimis, and providently exercised its discretion to consider the motion on its merits. The failure of the preliminary conference order to set a date by which the motion was to be made, its confusing reference to an unidentified "local rule," the court's failure to advise defendants of its 60-day motion requirement and defendants' uncontroverted failure to learn of the requirement until the very last moment convincingly establish good cause for filing a late motion (*see Brill*, 2 NY3d at 653 [" 'good cause' means *good cause for the delay*"]; *see also Vila v Cablevision of NYC*, 28 AD3d 248, 249 [2006] [ambiguity constitutes requisite good cause]; *Cooper v Hodge*, 13 AD3d 1111 [2004] [confusion as to grant of

---

**2.** The majority has obtained a copy of the note of issue filed in the County Clerk's Office bearing the date stamp of May 15, 2006 and therefore concludes that the motion was due one business day earlier—Friday, July 14 not Monday, July 17. Because what appears to be a one-day delay in serving the notice of motion is immaterial to my position, I will refrain from commenting on the propriety of a sua sponte enlargement of the record. However, I will adhere to the facts as argued to the motion court and recounted in the appellate briefs (*see Fehlhaber Corp. v State of New York*, 65 AD2d 119, 131 [1978], *lv denied* 48 NY2d 604 [1979] ["Appeals must be decided on the content of the record"]; *see also People ex rel. Martinez v Walters*, 99 AD2d 476, 477 [1984], *appeal dismissed* 63 NY2d 727 [1984] ["we are bound by the record as certified"]).

extension satisfactorily explained delay]; *Stimson v E.M. Cahill Co., Inc.*, 8 AD3d 1004 [2004] [family emergencies excused two-day delay]).

While the parties contest whether or not service was timely under the applicable court or part rule, it should be observed that the court's preliminary conference order does not appear to comply with CPLR 3212, a statute that this Court is obliged to apply irrespective of the absence of any request by a party (CPLR 4511 [a]). The court's order is denominated "Preliminary Conference Order (202.8, 202.12 and 202.19 of the Uniform Rules)." The printed form contains a provision reciting, "Any dispositive motion(s) shall be made on or before," which the court completed by inserting the words "per local rule." The order gives no indication of what is meant by the reference to the "local rule," the Uniform Rules for Trial Courts (22 NYCRR part 202) being the only rules mentioned in the document. None of the cited Uniform Rules involves the timing of a dispositive motion and, as noted, no copy of the "local rule" at issue is contained in the record.[3]

CPLR 3212 (a) provides: "Time; kind of action. Any party may move for summary judgment in any action, after issue has been joined; provided however, that the court may *set a date* after which no such motion may be made, such *date* being no earlier than thirty days after the filing of the note of issue. If *no such date is set* by the court, such motion shall be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown." (Emphasis added.) It is clear that this procedural rule permits the court to "set a date," within certain limits, by which a summary judgment motion must be made. Consistent with CPLR 3212 (a), the printed preliminary conference order form used by the court calls for the entry of specific dates by which certain pretrial matters will be completed (physical examination, disclosure, impleader, compliance conference, dispositive motions and filing of a note of issue). The recitation in the preliminary conference order that any motion for summary judgment "shall be made

---

3. Use of the term "local rule" to refer to a part rule is inapt. A local rule is required to comply with Rules of the Chief Judge (22 NYCRR) part 9 (Uniform Rules for Trial Cts [22 NYCRR] 202.1 [c]), which provides for publication in the Official Compilation of Codes, Rules and Regulations and in the State Register. However, part 9 expressly exempts from its operation "instructions issued by individual judges governing the hearing of cases pursuant to the Individual Assignment System." (22 NYCRR 9.1 [a].)

on or before per local rule" does not "set a date," as required by the statute.[4]

The record, by which this Court is bound (*News Am. Mktg., Inc. v Lepage Bakeries, Inc.*, 16 AD3d 146, 149 [2005]), does not contain the so-called "Uniform Rules" of the court referred to by plaintiff or the particular "local rule" he seeks to enforce. Whatever the utility of the trial court's individual practice in managing the business before it, such a parochial rule is not one of which this Court is required, or even permitted, to take judicial notice (CPLR 4511 [a], [b]; *cf. Gair v Peck*, 6 NY2d 97, 108 [1959] [local Appellate Division rule not subject to attack as parochial]). Before supplanting the motion court's interpretation of its own practice with that urged by plaintiff, this Court must be confident defendants had sufficient notice of the rule so as to be held accountable for its strict observance. Significantly, defendants assert, and plaintiff does not contest, that they only learned of the subject "local rule" (more accurately, part rule) from the motion court's law clerk on the very day their time to submit a dispositive motion expired.

As a secondary consideration, it is necessary to determine whether the court's preliminary conference order has the requisite clarity to warrant its strict enforcement against a noncompliant party even assuming, for the sake of argument, that it might be deemed to "set a date" as required by CPLR 3212 (a). A court order is only enforceable according to its terms, and a party will not be found to be in defiance of an order absent conduct that violates a clear directive (*see Watson v Esposito*, 231 AD2d 512, 515 [1996], *appeal dismissed* 89 NY2d 915 [1996] [discovery]). The party must be aware of the action required to be undertaken by a preliminary conference order before failure to comply with its terms can be the basis for sanction (*see Halali v Evanston Ins. Co.*, 288 AD2d 260, 261 [2001] [dismissal]).

The preliminary conference order's vague reference to an unidentified "local rule" did not clearly apprise defendants of the date by which their summary judgment motion had to be served. It should be noted that, even on appeal, plaintiff cites to no source where the subject rule might be located (*cf. Weitzner v Elazarov*, 189 Misc 2d 646 [2001] [uniform Civil Term rules published monthly in New York Law Journal]) and neither

---

4. If, as the majority insists, the preliminary conference order's reference to "local rule" presents no ambiguity, defendants' motion was timely. A "local rule" is a rule promulgated by Supreme Court (22 NYCRR part 9), not a judge's part rule, and the subject local rule in effect at the time defendants brought their motion indisputably provided for service under CPLR 3212 (a), that is, within 120 days after the filing of the note of issue.

provides a copy of the part rule in the record nor identifies the source of the "local rule" quoted in his brief.[5] Penalizing defendants for violation of a rule of which they had no notice raises due process concerns, which the majority's pedestrian reference to ignorance of the law fails to consider. Supreme Court's determination of the purportedly late motion, in the sound exercise of discretion, has the practical advantage of obviating any such concerns.

As to the merits, the record discloses that plaintiff had previously sought an order to show cause seeking to strike defendants' moving papers as untimely. In a short-form order, the court stated, "OSC denied. Issue of timeliness of motion . . . should be raised in response thereto." However, plaintiff made no response to the summary judgment motion, asserting at oral argument that, due to its purported untimeliness, "there is no need for us to respond." In the decision read into the record, the court found good cause for defendants' failure to adhere to its 60-day requirement and granted their motion on the ground that plaintiff failed to offer any opposition on the merits. Upon a review of the record, the court noted that plaintiff had performed his various job assignments "amazingly well" until he began to abuse his power, finding nothing pretextual about the adverse action taken against him by defendants. The court concluded that the reason plaintiff had declined to oppose the merits of defendants' motion was "because there is no substantive opposition that could prevail."

Plaintiff does not dispute that defendants have established their prima facie entitlement to summary judgment; nor does he dispute his failure to offer, in rebuttal, evidentiary proof sufficient to raise a material issue of fact requiring trial (*Gonzalez*, 95 NY2d at 129; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Plaintiff nevertheless contends that because his opposition to defendants' motion was limited to procedural grounds, he must be accorded the opportunity to oppose the motion on the merits. However, he offers no authority in support of this proposition.

Unlike a motion to dismiss on the pleadings (CPLR 3211), a plaintiff opposing a summary judgment motion is obliged, upon penalty of dismissal, to submit an affidavit to rebut a defendant's evidentiary showing refuting his cause of action (*Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]). As our rulings have made clear, where the movant has established a prima facie case, a summary judgment motion unopposed on the merits

---

**5.** It should be noted that judges' part rules are now available at the New York Law Journal's Web site at www.nylj.com.

will be granted, even in the face of an assertion that no opposition is warranted (*Access Capital v DeCicco*, 302 AD2d 48, 53-54 [2002] [assertion of Fifth Amendment privilege]). Because "the factual allegations of the moving papers, uncontradicted by plaintiff, are sufficient to entitle defendants to judgment dismissing the complaint as a matter of law," it is immaterial that plaintiff deliberately chose not to submit any opposition (*Tortorello v Carlin*, 260 AD2d 201, 206 [1999]).

It is apparent that plaintiff made a tactical decision to attack the motion on procedural grounds alone. It is equally apparent that his chosen stratagem ignored the well-known adage that summary judgment, being the procedural equivalent of a trial, requires the submission of opposing evidentiary material sufficient to raise a material issue of fact requiring trial (*see Cambridge Factors v Stagecoach Bus Sys.*, 155 AD2d 267, 268 [1989]). A procedural tactic that results in an adverse determination affords no more basis for relief when pursued on summary judgment rather than at trial. "While parties are accorded considerable latitude in charting their procedural course before the courts, they are bound by the consequences attendant upon the exercise of that prerogative" (*Sean M. v City of New York*, 20 AD3d 146, 150 [2005] [citations omitted]).

Because Supreme Court's disposition of this matter was in all respects proper under the circumstances, it is difficult to fathom the majority's insistence upon remittance for further proceedings before another judge. It is highly unusual for an appellate court to resort to such a measure, which is normally reserved for extraordinary circumstances under which the lower court is clearly disregarding the law or the facts (*see e.g. Matter of Thomas S. v Robin Y.*, 209 AD2d 298 [1994], *appeal dismissed* 86 NY2d 779 [1995] [failure to issue order of paternity to biological father]; *Matter of Crawford*, 153 AD2d 108 [1990] [failure to terminate parental rights despite dearth of contact with child]). Although plaintiff charges that the motion court was prejudiced against him because, among other things, it dismissed his complaint, that outcome was dictated by plaintiff's own decision to oppose defendants' motion on purely procedural grounds. In addition, the motion court's assessment that plaintiff's case lacks merit finds substantial support in the record.

Plaintiff further complains that the court referred to him as an "idiot" during argument on a discovery motion. In so doing, he misrepresents the record. The transcript of the proceedings, for which plaintiff was not present, reveals that the court had just reviewed an excerpt of a videotape of plaintiff's examination before trial. Referring to plaintiff's unresponsiveness to

questions (to which counsel interposed, by his own admission, some 200 objections), the court stated, "I don't understand how you think that performance could persuade a jury of anything because he sounds like a total mindless idiot." In the course of granting defendants' motion to require replies to questions to which plaintiff failed to give responsive answers, the court stated, "Either the guy can answer questions or he can't bring a lawsuit." It is clear that what the court found idiotic was the incoherence of plaintiff's narrative, as elicited by counsel. Even granting plaintiff's characterization of the court's statement as intemperate, a single such remark does not constitute a sufficient basis to conclude that plaintiff was denied due process, which is all that the law requires (*see People v McElveen*, 234 AD2d 228, 232 [1996], *lv denied* 89 NY2d 1097 [1997]).

Remittance of this matter for reassignment to a different judge is an affront to the motion court, which did nothing to warrant reproach. The majority's disagreement with the motion court's decision, even if legally supportable (*see Pena*, 35 AD3d at 108), is not a plausible reason for impugning the court's impartiality. Indeed, the majority purports to have "every confidence that the IAS court would preside fairly and impartially over the matter upon remand." They find only that the record suggests an "appearance of partiality." If deciding a dispositive motion adversely to a party is to be regarded as an appearance of partiality warranting reassignment to another judge, no court will ever be able to grant summary judgment without fear that, at the whim of an appellate panel, it will be subjected to criticism that its adjudication suggests impropriety (*see United States v Helmsley*, 760 F Supp 338, 344 [1991], *affd* 963 F2d 1522 [2d Cir 1992] [if disqualification could be based on unfavorable rulings, "our system of justice would become difficult, if not impossible, to administer"]; *Markus v United States*, 545 F Supp 998, 1000 [DC NY 1982], *affd* 742 F2d 1444 [2d Cir 1983] ["It would open the way to 'judge shopping' "]). The majority's disposition will have a chilling effect on the resolution of motions seeking summary dismissal of unmeritorious actions, to the detriment of the efficient administration of justice.

Accordingly, the order should be affirmed.