■ RONALD KEIBEL et al., Respondents, v LOUIS RIINA et al., Appellants. [3 NYS3d 608]—Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered August 23, 2013, which denied defendants' motions for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment accordingly.

Defendants complied with the plain wording of Supreme Court's January 27, 2012 order regarding the timing for renewal of their summary judgment motions. Even if the renewed motions may nevertheless be considered untimely despite the lack of clarity in Supreme Court's January 27, 2012 order, such lack of clarity constituted the requisite "good cause" for the late filing (*see Vila v Cablevision of NYC*, 28 AD3d 248, 249 [1st Dept 2006]; CPLR 3212 [a]).

Turning to the merits, defendants were entitled to summary judgment. The duties that defendant Louis Riina owed the injured plaintiff, as either owner or vice president of Gun Hill Tile, Inc. doing business as Gen Tile, to maintain the premises safely are indistinguishable from the duties he owed as owner of the property (*see Macchirole v Giamboi*, 97 NY2d 147, 150 [2001]; *Concepcion v Diamond*, 224 AD2d 189, 189-190 [1st Dept 1996]). Thus, plaintiffs' claims against him are barred by Workers' Compensation Law § 29 (6).

Defendant 1047 East Gun Hill Realty Corp. established prima facie that it did not own, occupy, possess, manage, maintain or control the premises. In opposition, plaintiffs failed to raise a triable issue of fact in this regard. Concur—Tom, J.P., Sweeny, Renwick and Andrias, JJ.