Mitchell v City of Geneva (2018 NY Slip Op 00740)





Mitchell v City of Geneva


2018 NY Slip Op 00740


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1402 CA 17-01102

[*1]PETER MITCHELL AND PARKER'S GRILLE, INC., PLAINTIFFS-APPELLANTS,
v
CITY OF GENEVA AND CITY OF GENEVA INDUSTRIAL DEVELOPMENT AGENCY, DEFENDANTS-RESPONDENTS. 






PETER J. CRAIG & ASSOCIATES, P.C., PITTSFORD (PETER J. CRAIG OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
HARRIS BEACH PLLC, PITTSFORD (H. TODD BULLARD OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from a final order and judgment (one paper) of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered February 7, 2017. The final order and judgment granted the motion of defendants for summary judgment dismissing the complaint. 
It is hereby ORDERED that the final order and judgment so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.
Memorandum: Plaintiffs commenced this action seeking damages for defendants' alleged inverse condemnation of their property and tortious interference with plaintiffs' business. In a scheduling order issued on November 18, 2014, Supreme Court established March 16, 2015 as the cut-off date for dispositive motions. Plaintiffs served the note of issue on April 29, 2016. At a pretrial conference held on July 18, 2016, the court indicated that it was "blocking out" an hour on its November 21, 2016 motion calendar for oral argument of any dispositive motions. Defendants never submitted or sought an amended scheduling order. On November 22, 2016, defendants filed a motion for summary judgment dismissing the complaint with a return date of January 23, 2017.
Defendants' summary judgment motion was made 618 days after the deadline set forth in the court's scheduling order and 204 days after the filing of the note of issue. Defendants did not make the motion in time to be heard on the court's November 21, 2016 motion calendar. Nonetheless, defendants' moving papers failed to address the issue of "good cause" required to make a summary judgment motion more than 120 days after the filing of the note of issue or after the date established by the court in a scheduling order (CPLR 3212 [a]; see Finger v Saal, 56 AD3d 606, 606-607 [2d Dept 2008]; cf. Stimson v E.M. Cahill Co., Inc., 8 AD3d 1004, 1005 [4th Dept 2004]). Plaintiffs opposed the motion on the ground that it was untimely. It was only in reply papers that defendants addressed the issue of "good cause." The court considered the merits of the motion, granted summary judgment to defendants and dismissed the complaint. That was error.
It is well settled that it is improper for a court to consider the "good cause" proffered by a movant if it is presented for the first time in reply papers (see Bissell v New York State Dept. of Transp., 122 AD3d 1434, 1435 [4th Dept 2014]; Cabibel v XYZ Assoc., L.P., 36 AD3d 498, 498-499 [1st Dept 2007]). Defendants also failed to move to vacate the note of issue. The motion should thus have been denied as untimely (see CPLR 3212 [a]), and the court should have declined to reach the merits. We therefore reverse the final order and judgment, deny defendants' motion and reinstate the complaint.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court