■ CYRIL A. WHALEN, Individually and as Administrator of the Estate of JAMES C. WHALEN, Deceased, Appellant-Respondent, v. DONALD DAUGHERTY, Respondent-Appellant, and FRANK FUNARO, Respondent.— REYNOLDS, J. Appeal and cross appeal from a judgment of the Supreme Court, Saratoga County, entered upon a jury verdict. Appellant Whalen brought the instant action for wrongful death and conscious pain and suffering of his intestate, James C. Whalen, sustained as a result of an accident while he was riding as a passenger in a car owned by respondent Daugherty and operated by respondent Funaro. The jury returned a verdict of $15,000 in the wrongful death cause of action against Daugherty but returned a no cause of action in the conscious pain and suffering action against Daugherty and on all claims against Funaro. Here Whalen appeals from so much of the judgment as releases Funaro from liability and denies a recovery for conscious pain and suffering and Daugherty cross appeals from so much of the judgment as assesses liability for wrongful death against him. On May 23, 1964 Daugherty, age 33, picked up Funaro, age 16, and the decedent, age 15, as they were hitchhiking to a picnic. The decedent sat in the rear and Funaro in the front of the vehicle. Funaro testified in effect that after proceeding a short distance he noticed that Daugherty was drunk and requested that Daugherty let him drive; that no sooner had he begun to drive when Daugherty made improper advances to him; that he stopped the car and told Daugherty to push over which Daugherty did; that a quarter of a mile later he felt Daugherty's hand on his thigh again but managed to repel him without stopping the vehicle; that he continued for 10 to 15 seconds to proceed along at 25-30 miles per hour when he sensed that Daugherty was approaching him again; that he momentarily took his eyes off the road to see what Daugherty

was doing and that on doing so the car left the road and overturned. Daugherty, of course, advanced a different version of what occurred but the jury could properly have accepted Funaro's account. This being so the jury could clearly find that Daugherty's acts were the proximate cause of the accident. And clearly there is no basis for holding the decedent contributorily negligent. Thus the wrongful death award must be affirmed. Nor do we, on the basis of the record, find the verdict of $15,000 so inadequate to warrant interference in the jury's determination. Moreover, while there is some evidence the decedent was conscious after the accident, there is none that he was enduring pain or suffering and the jury's rejection of damages on this basis must, therefore, also be affirmed. With respect to the issue of the propriety of the jury's finding of no cause of action with respect to Funaro the issue is much more difficult. However, considering his age and the sudden unexpected situation he was faced with, we cannot say in this close case that the jury could not have concluded that while he may have used poor judgment he was not negligent. We find no further issues raised which have any merit and, accordingly, the judgment should be affirmed. Judgment affirmed, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.