■ THOMAS SARTORI et al., Appellants, v SUZANNE M. GREGOIRE, Defendant and Third-Party Plaintiff-Appellant. BRADLEY PIKE, Third-Party Defendant-Respondent. [688 NYS2d 295] —Appeal by plaintiffs unanimously dismissed and order and judgment affirmed without costs. Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Thomas Sartori (plaintiff) when his vehicle collided with a vehicle driven by defendant. Plaintiffs allege that defendant was negligent in operating her vehicle without turning on her headlights. Defendant commenced a third-party action against the passenger in her vehicle, alleging that his unwanted sexual advances towards her immediately before she started her vehicle caused her to forget to turn on the vehicle's headlights. Supreme Court properly granted third-party defendant's motion for summary judgment dismissing the third-party complaint. While a passenger in a car may be liable if he distracted the driver while operating the vehicle immediately prior to the accident (*see, e.g., Collins v McGinley*, 158 AD2d 151, 153, *appeal dismissed* 77 NY2d 902, 78 NY2d 1002; *Whalen v Daugherty*, 30 AD2d 604, *lv denied* 22 NY2d 647), it is undisputed that third-party defendant had no verbal or physical contact with defendant once she started her vehicle and drove out of the parking lot onto the main road where the accident occurred. Thus, third-party defendant's conduct cannot be deemed a proximate cause of plaintiff's injuries.

We note that, because plaintiffs did not amend their complaint to assert a direct claim against third-party defendant, they are not aggrieved by the order and judgment dismissing the third-party complaint and may not appeal therefrom (*see,* CPLR 5511; *Town of Massena v Niagara Mohawk Power Corp.,* 45 NY2d 482, 488; *Matter of Brown v Starkweather,* 197 AD2d 840, 841, *lv denied* 82 NY2d 653). (Appeals from Order and Judgment of Supreme Court, Erie County, Glownia, J.—Summary Judgment.) Present—Hayes, J. P., Wisner, Pigott, Jr., Scudder and Callahan, JJ.