RAYMOND J. DZIEDZIC, Individually and as Executor of MARTHA DZIEDZIC, Deceased, Respondent, v FOSTER H. THAYER, Respondent, and DENNIS J. STACK et al., Appellants, et al., Defendants. (Action No. 1.) KATHERINE DZIEDZIC, Respondent, v FOSTER H. THAYER, Respondent, and DENNIS J. STACK et al., Appellants, et al., Defendants. (Action No. 2.) [739 NYS2d 802] —Appeal from an order of Supreme Court, Erie County (O'Donnell, J.), entered April 24, 2001, which denied the cross motion of defendants Dennis J. Stack, United Cerebral Palsy Association of Western New York, Inc., Virginia Purcell, United Cerebral Palsy Association, Inc., and Michael Morris for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: This appeal arises from a five-vehicle accident in which Martha Dziedzic was killed and plaintiff Katherine Dziedzic was injured. The Dziedzic vehicle was initially rear-ended by a vehicle driven by defendant Foster H. Thayer, causing the Dziedzic vehicle to be involved in a further collision. Contrary to the contention of Dennis J. Stack, United Cerebral Palsy Association of Western New York, Inc., Virginia Purcell, United Cerebral Palsy Association, Inc. (UCPA) and Michael Morris (defendants), Supreme Court properly denied their cross motion seeking summary judgment dismissing the complaint in each action against them. In support of their cross motion, defendants submitted Thayer's deposition testimony in which Thayer testified that Stack's vehicle was moving from side to side in the curb lane and had come partly into the passing lane as Thayer was attempting to pass Stack's vehicle. In addition, Thayer testified that he was concerned that he would be forced into oncoming traffic. Defendants failed to establish as a matter of law that Stack was not negligent in the operation of his vehicle (*see,* Vehicle and Traffic Law § 1122 [b]; § 1128 [a]; *see also,* 8B NY Jur 2d, Automobiles § 956) or that Stack's conduct

in allegedly distracting Thayer was not a proximate cause of the accident (*see, Sartori v Gregoire*, 259 AD2d 1004). Present—Pine, J.P., Wisner, Scudder, Gorski and Lawton, JJ.