STEPHEN M. BROWN et al., Appellants, v SHAWN ALLEN ROBLEE, Defendant, and HOLIDAY VALLEY, INC., et al, Respondents. [871 NYS2d 516]—

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Stephen M. Brown (plaintiff) when he was punched by defendant Shawn Allen Roblee in the parking lot area of a ski resort owned by Holiday Valley, Inc., Holiday Valley Realty Company, Inc. and Win-Sum Ski Corp. (collectively, defendants). We conclude that Supreme Court properly granted the motion of defendants seeking summary judgment dismissing the amended complaint against them. "Landowners in general have a duty to act in a reasonable manner to prevent harm to those on their property . . . [, including] a duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control" (*D'Amico v Christie,* 71 NY2d 76, 85 [1987]; *see also Jayes v Storms,* 12 AD3d 1090 [2004]). We conclude the defendants met their initial burden by establishing that they were not aware of the need to exercise control over Roblee and that they did not have the opportunity to do so. In any event, defendants also met their initial burden by further establishing that the alleged breach of duty was not a proximate cause of plaintiff's injuries because Roblee's conduct in assaulting plaintiff after Roblee had walked away from an initial verbal exchange with plaintiff was an intervening and unforeseeable act (*see Maheshwari v City of New York,* 2 NY3d 288, 295 [2004]; *Piazza v Regeis Care Ctr., L.L.C.,* 47 AD3d 551, 554 [2008]). We conclude that plaintiffs failed to raise a triable issue of fact in opposition to the motion (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Present—Scudder, P.J., Martoche, Smith, Green and Gorski, JJ.