■ In the Matter of Martin Luther Nursing Home, Inc., Appellant, v Michael J. Dowling, Commissioner of Social Services of State of New York, et al., Respondents. [911 NYS2d 545]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Oneida County (Samuel D. Hester, J.), entered October 1, 2009 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner appeals from a judgment that dismissed its CPLR article 78 petition. Petitioner sought therein to adjust its Medicaid reimbursement rate for the years 1989 through 1992 based on its receipt of a rebate in 1985 resulting from an overcharge in 1983 for electrical services. We reject the contention of petitioner that respondents' actions were irrational and in violation of federal regulations and conclude that respondent Commissioner of Health of the State of New York (hereafter, DOH) did not act in an arbitrary or capricious manner in refusing to recalculate petitioner's reimbursement rate.

Medicaid regulations provide that a facility's audited costs as determined in 1983, trended by inflation, are to be used for future reimbursement calculations (*see* 10 NYCRR 86-2.10 [b] [1] [i]). Reimbursement rates are "provisional" until an audit

occurs (10 NYCRR 86-2.7), and audit adjustments that result in rate revisions must apply to all rate periods that are affected by the audited costs (*see* 18 NYCRR 517.14).

Although Supreme Court determined that respondents' action in applying the 1985 refund to the 1983 rate was rational based in part on the federal Medicare reimbursement manual, we conclude that 10 NYCRR 86-2.2 (d) is controlling with respect to this issue. Pursuant to that regulation, "[i]n the event that any information or data which a residential health care facility has submitted to [DOH] on required reports, budgets or appeals for rate revisions intended for use in establishing rates[ ] is inaccurate or incorrect, *whether by reason of subsequent events or otherwise, such facility shall forthwith submit to the department a correction of such information or data which meets the same certification requirements as the document being corrected*" (emphasis added).

Here, petitioner was obligated pursuant to 10 NYCRR 86-2.2 (d) to report the overpayment to DOH, and respondents then had the authority to revise the rates based on the correction of the incorrect data underlying the overpayment. To hold otherwise would render meaningless the reporting obligation in 10 NYCRR 86-2.2 (d), as well as the specification in 10 NYCRR 86-2.7 that reimbursement rates are provisional prior to an audit (*see generally Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 587 [1998]).

Petitioner's reliance on the decision of the Court of Appeals in *Matter of County of Monroe v Kaladjian* (83 NY2d 185 [1994]) is misplaced, inasmuch as the relief sought by the petitioner therein was denied. In that case, the County of Monroe (County) had underestimated its electrical costs and as a result sought increased Medicaid reimbursement (*id.* at 188). The Court of Appeals concluded that the County's miscalculation was not an "error" that could be used to adjust the reimbursement rate, noting that the County had claimed in a previous appeal that its increased cost was the result of "updating and modernizing" its electrical systems, but that the County had not obtained the requisite prior authorization from DOH for such updating and modernization (*id.* at 188-190; *see also* 10 NYCRR 86-2.14 [a] [4]). In any event, that case is further distinguishable because here the discrepancy was an overpayment rather than an underpayment, and was not the result of unauthorized actions undertaken by petitioner. Present—Martoche, J.P., Centra, Carni, Lindley and Pine, JJ.