# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

503

CA 16-01090

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

NATASHA D. WALLACE, INDIVIDUALLY AND AS PARENT
AND NATURAL GUARDIAN OF NATHANIEL DEMARIO
WALLACE, AN INFANT, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

M&C HOTEL INTERESTS, INC., BUFFALO RHM
OPERATING LLC, AND CDL HOTELS USA, INC.,
DEFENDANTS-RESPONDENTS.

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

GOLDBERG SEGALLA LLP, BUFFALO (KATHLEEN J. MARTIN OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

-------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Timothy
J. Drury, J.), entered January 12, 2016.  The order granted the motion
of defendants for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  In this negligence action arising from an incident
in which plaintiff's son suffered a near-drowning in a hotel pool,
plaintiff appeals from an order granting defendants' motion for
summary judgment dismissing the complaint.  We affirm.

The complaint, as amplified by the bill of particulars, alleges
that defendants were negligent in, inter alia, failing to provide
lifeguards or otherwise adequately supervise bathers using the hotel
pool, allowing the pool to be overcrowded, and allowing a dangerous
condition to exist on the premises, i.e., in allowing a group of
children to play games in and around the pool.  We note at the outset
that plaintiff on appeal has abandoned any challenge to the dismissal
of her claim that defendants were negligent in allowing an excessive
number of bathers in the pool (*see Ciesinski v Town of Aurora*, 202
AD2d 984, 984).

Defendants met their initial burden with respect to the lifeguard
and bather supervision claims by submitting the relevant section of
the New York State Sanitary Code (Sanitary Code), which provides that,
"[w]hen a swimming pool . . . is part of a temporary residence or a
campground, as defined in Part 7 of this Title, the operator must

provide either Supervision Level IIa, IIb, III, or IV aquatic supervision.  When Supervision Level III or IV is selected, on-premise CPR certified staff is not required" (10 NYCRR 6-1.23 [1] [i]). Hotels are temporary residences within the meaning of the regulation (*see* 10 NYCRR 7-1.1 [j]), and the parties correctly agree that the term "on-premise CPR certified staff" is synonymous with lifeguards (*see* 10 NYCRR 6-1.31).  Defendants also submitted a report from the Erie County Department of Health, indicating that the "Hotel Pool employs Supervision Level IV" and that defendants met all the requirements for the use of that level of supervision.  On appeal, plaintiff does not challenge the finding that the pool at issue was properly designated Supervision Level IV under the regulation. Consequently, Supreme Court properly granted the motion insofar as defendants sought summary judgment dismissing the claims arising from failure to provide lifeguards and poolside supervision inasmuch as the Sanitary Code provides that defendants had no duty to provide that level of supervision.  Indeed, "[i]t is well established that before a defendant may be held liable for negligence it must be shown that the defendant owes a duty to the plaintiff" (*Pulka v Edelman*, 40 NY2d 781, 782, *rearg denied* 41 NY2d 901; *see e.g. Olson v Brunner*, 261 AD2d 922, 923, *lv denied* 94 NY2d 759; *cf. Villar v Howard*, 126 AD3d 1297, 1299, *affd* 28 NY3d 74).

We further conclude that the court properly granted defendants' motion with respect to the remaining claims, in which plaintiff alleges that defendants were negligent in permitting a dangerous condition to exist on the premises, i.e., a group of children running and jumping in the pool area.  "It is beyond dispute that landowners and business proprietors have a duty to maintain their properties in reasonably safe condition . . . It is also clear that this duty may extend to controlling the conduct of third persons who frequent or use the property, at least under some circumstances" (*Di Ponzio v Riordan*, 89 NY2d 578, 582-583).  Specifically, "[l]andowners 'have a duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control' " (*O'Callaghan v Jones*, 283 AD2d 949, 949, quoting *D'Amico v Christie*, 71 NY2d 76, 85).  Here, even assuming, arguendo, that there is an issue of fact whether the injuries sustained by plaintiff's son were proximately caused by that dangerous condition, i.e., when one of the other children bumped into him and knocked him under the water, rather than by him taking in too much water, getting cramps, or simply being unable to swim well enough to stay afloat, we conclude that "defendants met their initial burden by establishing that they were not aware of the need to exercise control over [the children,] and that they did not have the opportunity to do so" (*Brown v Roblee*, 57 AD3d 1494, 1495; *see D'Amico*, 71 NY2d at 85; *cf. Lasek v Miller*, 306 AD2d 835, 836).  Plaintiff failed to raise a triable issue of fact in opposition (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

The parties' contentions regarding assumption of the risk are

moot in light of our determination.