Vega v Crane (2018 NY Slip Op 03262)





Vega v Crane


2018 NY Slip Op 03262


Decided on May 4, 2018


Appellate Division, Fourth Department


Troutman, J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, CURRAN, AND TROUTMAN, JJ.


455 CA 17-01651

[*1]CARMEN VEGA, PLAINTIFF-APPELLANT,
v
SHERRY M. CRANE, ADMINISTRATOR OF THE ESTATE OF COLLIN WARD CRANE, DECEASED, JEFFREY CRANE, DEFENDANTS, AND TAYLOR CRATSLEY, DEFENDANT-RESPONDENT. (APPEAL NO. 2.) 






FARACI LANGE, LLP, ROCHESTER (CAROL A. MCKENNA OF COUNSEL), FOR PLAINTIFF-APPELLANT.
SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (KEVIN E. HULSLANDER OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


Troutman
 Appeal from an order of the Supreme Court, Genesee County (Emilio L. Colaiacovo, J.), entered April 17, 2017. The order granted the motion of defendant Taylor Cratsley for summary judgment dismissing the complaint against her. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Opinion by Troutman, J.:
This action arises from a two-vehicle accident that caused the death of one driver and serious injuries to the other driver. We hold that a person does not owe a common-law duty to motorists to refrain from sending a text message to a person whom he or she knows, or reasonably should know, is operating a motor vehicle.
In the evening of December 8, 2012, plaintiff and decedent were driving their respective vehicles toward each other on Route 33 in Genesee County. It was dark and rainy. Decedent was traveling home from work and was exchanging text messages with his girlfriend, Taylor Cratsley (defendant). As the vehicles approached each other, decedent's vehicle crossed the center line. Seconds before impact, plaintiff applied her brakes and steered her vehicle onto the shoulder of the highway. The vehicles collided. Plaintiff sustained serious injuries, and decedent was killed. An accident reconstruction report, prepared by a New York State Trooper, determined that the primary cause of the accident was decedent's failure to stay to the right of the center line. There was no evidence that decedent tried to take evasive action, suggesting that he was likely distracted. "The cellular phone activity," the Trooper opined, "may have been the source of this distraction."
Plaintiff commenced an action against defendant alleging that the collision was caused in part by her negligence in continuing to engage decedent in a text message conversation despite knowing, or having special reason to know, that he was operating a motor vehicle. That action was consolidated with a negligence action that plaintiff had previously commenced against decedent's estate and the owner of the vehicle that he was operating (Vega v Crane, — AD3d — [May 4, 2018] [4th Dept 2018]). We reject plaintiff's contention that Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint against her. The court properly concluded that defendant had no duty to refrain from sending text messages to decedent, and thus properly granted defendant's motion.
It is well established that a defendant may not be held liable for negligence unless he or she owes a duty to the plaintiff (see Palsgraf v Long Is. R.R. Co., 248 NY 339, 342 [1928], rearg denied 249 NY 511 [1928]; Wallace v M & C Hotel Interests, Inc., 150 AD3d 1652, 1653 [4th Dept 2017], lv denied 29 NY3d 917 [2017]). "The existence and scope of an alleged tortfeasor's duty is, in the first instance, a legal question for determination by the court" (Di Ponzio v Riordan, 89 NY2d 578, 583 [1997]). "Courts resolve legal duty questions by resort to common concepts of morality, logic and consideration of the social consequences of imposing the duty" (Tenuto v Lederle Labs., Div. of Am. Cyanamid Co., 90 NY2d 606, 612 [1997]). "A defendant generally has no duty to control the conduct of third persons so as to prevent them from harming others, even where as a practical matter defendant can exercise such control" (D'Amico v Christie, 71 NY2d 76, 88 [1987]; see Oddo v Queens Vil. Comm. for Mental Health for Jamaica Community Adolescent Program, Inc., 28 NY3d 731, 735-736 [2017]). That said, we note that "a passenger in a car may be liable if he [or she] distracted the driver while operating the vehicle immediately prior to the accident" (Sartori v Gregoire, 259 AD2d 1004, 1004 [4th Dept 1999]; see Dziedzic v Thayer, 292 AD2d 845, 845-846 [4th Dept 2002]). By way of illustration, the Restatement of Torts explains that a passenger is negligent where he or she "suddenly and unnecessarily calls out" to the driver in heavy traffic, thus causing the driver to crash into the car of a third person (Restatement [Second] of Torts § 303, Comment d, Illustration 3).
There is, however, a significant distinction between the distracting passenger and the remote sender of text messages. Unlike the passenger, the remote sender is not present in the vehicle and thus "lacks the first-hand knowledge of the circumstances attendant to the driver's operation of the vehicle that a passenger possesses and has even less ability to control the actions of the driver" (Kubert v Best, 432 NJ Super 495, 521, 75 A3d 1214, 1230 [Super Ct, App Div 2013] [Espinosa, J., concurring]). The driver cannot prevent the passenger, who is actually present inside the vehicle, from creating a distraction by suddenly and unnecessarily calling out at an imprudent moment. The same driver, on the other hand, has complete control over whether to allow the conduct of the remote sender to create a distraction. Although the remote sender has the ability to refrain from sending the driver a text message, he or she is powerless to compel the driver to read such a text message at an imprudent moment, and has no duty to prevent the driver from doing so.
Rather, it is the duty of the driver to see what should be seen and to exercise reasonable care in the operation of his or her vehicle to avoid a collision with another vehicle (see Deering v Deering, 134 AD3d 1497, 1499 [4th Dept 2015]; Zweeres v Materi, 94 AD3d 1111, 1111 [2d Dept 2012]). If a person were to be held liable for communicating a text message to another person whom he or she knows or reasonably should know is operating a vehicle, such a holding could logically be expanded to encompass all manner of heretofore innocuous activities. A billboard, a sign outside a church, or a child's lemonade stand could all become a potential source of liability in a negligence action. Each of the foregoing examples is a communication directed specifically at passing motorists and intended to divert their attention from the highway.
To be sure, cellular telephones and other electronic devices present unique distractions to motorists. For that reason, the legislature passed laws specifically to regulate the use of cellular telephones and other electronic devices by those operating motor vehicles (see Vehicle and Traffic Law §§ 1225-c, 1225-d). The legislature did not create a duty to refrain from communicating with persons known to be operating a vehicle. To the contrary, those laws place the responsibility of managing or avoiding the distractions caused by electronic devices squarely with the driver. The driver has various means available for managing or avoiding such distractions, such as a hands-free device to handle incoming calls (see § 1225-c [1] [e]) or a setting for temporarily disabling sounds or alerts. Or, the driver can simply pull over to the side of the highway to engage in any communications deemed too urgent to wait. The remote sender of a text message is not in a good position to know how the driver will or should handle incoming text messages.
We conclude that defendant owed no duty to plaintiff to refrain from the conduct alleged, and therefore that she cannot be held liable for such conduct. Accordingly, we conclude that the order should be affirmed.
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court