Matter of Tamrazyan v Solway Props. LLC (2024 NY Slip Op 00960)

Matter of Tamrazyan v Solway Props. LLC

2024 NY Slip Op 00960

Decided on February 22, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 22, 2024

CV-23-0387
[*1]Ruzanna Tamrazyan, Individually and as Administrator of the Estate of Stella Tamrazyan, Deceased, et al., Appellants, Solway Properties LLC et al., Respondents.

Calendar Date:January 9, 2024

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Mackey, JJ.

Law Office of Yuriy Prakhin, PC, Brooklyn (Simon Q. Ramone, White Plains, of counsel), for appellants.
Schwab & Gasparini, PLLC, White Plains (Louis U. Gasparini of counsel), for respondents.

Pritzker, J.
Appeal from an order of the Supreme Court (David M. Gandin, J.), entered February 15, 2023 in Ulster County, which, among other things, granted defendants' cross-motion for summary judgment dismissing the complaint.
This action arises from the death of Stella Tamrazyan (hereinafter decedent), who died after having a medical emergency in a swimming pool on defendants' camp resort property in July 2019; her cause of death remains in dispute. Plaintiff Ruzanna Tamrazyan is decedent's daughter and the administrator of decedent's estate. Tamrazyan and decedent's spouse commenced this action seeking recovery on theories of negligence, wrongful death and loss of consortium. Defendants own and operate the camp, which has a swimming pool, in the Town of Saugerties, Ulster County. Following joinder of issue, plaintiffs moved, among other things, for summary judgment on the issue of liability, alleging a theory of negligence per se under the New York State Sanitary Code (hereinafter sanitary code). After Supreme Court granted their request for a one-week extension, defendants cross-moved for summary judgment dismissing the complaint based on their lack of duty to provide a lifeguard pursuant to the sanitary code. Supreme Court, as relevant here, denied plaintiffs' motion and granted defendants' cross-motion. Plaintiffs appeal.
As a preliminary matter, Supreme Court properly exercised its discretion by granting defendants an extension to file their cross-motion (see CPLR 2004; see generally Varela v Rohlf, 176 AD3d 651, 652 [1st Dept 2019]; Cooper v Hodge, 13 AD3d 1111, 1112 [4th Dept 2004]). Moving to the merits, plaintiffs contend that Supreme Court erred in granting summary judgment to defendants on the basis that they did not owe a duty to provide a lifeguard or aquatic supervisory staff at the pool. We agree. There is no dispute that the camp is a temporary residence for purposes of the sanitary code (see 10 NYCRR 7-1.1 [j]). Pursuant to 10 NYCRR 6-1.23 (a) (1) (i), "[w]hen a swimming pool . . . is part of a temporary residence . . . , the operator must provide either [s]upervision [l]evel IIa, IIb, III, or IV aquatic supervision. When [s]upervision [l]evel III or IV is selected, on-premise CPR certified staff is not required." Here, there is no dispute that defendants selected supervision level III; thus, they must adhere to the supervision level III requirements (see 10 NYCRR 6-1.23 [a] [3]). Supreme Court determined that because defendants opted for supervision level III, and because CPR certified staff is not required at a temporary residence with supervision level III, defendants did not owe decedent a duty to have a lifeguard at the pool because CPR certified staff is synonymous with lifeguards (see Wallace v M & C Hotel Interests, Inc., 150 AD3d 1652, 1652 [4th Dept 2017], lv denied 29 NY3d 917 [2017]). Although this equivalency may be correct, it does not answer the question of whether defendants, as alleged in the complaint, had a duty to provide [*2]some level of pool supervision pursuant to the relevant regulations and, if so, to what degree. To answer this, we must further examine the relevant regulations.
Pursuant to 10 NYCRR 6-1.23 (a) (4) (i), "[a]t least one aquatic supervisory staff of at least the required supervision level shall be provided for 3,400 square feet of pool surface area or fraction thereof at pools required to use [s]upervision [l]evels II-III personnel."[FN1] With exceptions not relevant here, 10 NYCRR 6-1.23 (a) (6) states that "[t]he aquatic supervisory staff shall be at pool side, providing direct supervision of the pool patrons . . . . Aquatic supervisory staff on duty shall be engaged only in activities that involve the direct supervision of bathers." According to 10 NYCRR 6-1.23 (a) (3), "[a]quatic supervisory staff must meet the requirements of [10 NYCRR 6-1.31]. When a facility voluntarily provides aquatic supervisory staff or a supervision level exceeding those required by [10 NYCRR 6-1.23], all the requirements of [the sanitary code relative to swimming pools] are applicable." As to the qualifications of aquatic supervisors for supervision level III, they are required to be at least 18 years of age, possess a current CPR certification and be competent to "understand and apply the rules and regulations of [10 NYCRR part 6] and implement the safety plan; . . . evaluate environmental hazards;
. . . use lifesaving equipment and facility; and . . . undertake bather/crowd control" (10 NYCRR 6-1.31 [c]). While the CPR requirement is specifically exempted for temporary residences (see 10 NYCRR 6-1.23 [a] [1] [i]), the aquatic supervisor for a supervision level III at a temporary residence must still possess the other enumerated qualifications (see 10 NYCRR 6-1.31 [c]). To find otherwise would render meaningless 10 NYCRR 6-1.23 (a) (3), which provides that if supervision level III is chosen then the temporary residence must adhere to the supervision level III requirements (see generally Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 587 [1998]; Matter of Martin Luther Nursing Home, Inc. v Dowling, 78 AD3d 1623, 1624 [4th Dept 2010], lv denied 17 NY3d 701 [2011]). While it is true that 10 NYCRR 6-1.23 (a) (1) (i) exempts CPR certified staff from a temporary residence that selects supervision level III, it plainly does not exempt these facilities from providing any supervision.[FN2] As such, we find that Supreme Court erred in determining that defendants did not owe any duty to decedent and granting defendants summary judgment on this basis.
Plaintiffs also argue that Supreme Court erred in denying their motion for partial summary judgment as to the issue of liability. However, given the assertion in their brief that there is a question of fact as to proximate cause, we disagree. Accordingly, Supreme Court properly denied plaintiffs' motion for partial summary judgment. We have reviewed plaintiffs' remaining contentions and find them lacking in merit.
Egan Jr., [*3]J.P., Aarons, Reynolds Fitzgerald and Mackey, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' cross-motion for summary judgment; cross-motion denied; and, as so modified, affirmed.

Footnotes

Footnote 1: There is no dispute that the subject pool is less than 3,400 square feet.

Footnote 2: We are unpersuaded by defendants' argument that Wallace v M & C Hotel Interests, Inc. (150 AD3d 1652) is dispositive. In Wallace, the Fourth Department held that there was no duty for a hotel to provide lifeguards or poolside supervision (id. at 1653). However, in that case the pool at issue was designated supervision level IV (id.).